222 P.2d 797

**MALLAMO v. HARTMAN et ux.**

No. 5171.

Supreme Court of Arizona.

Oct. 9, 1950.

On Motion for Rehearing.

Herbert Mallamo, of Phœnix, Leslie Parry, Phœnix, of Counsel, for appellant.

Knapp, Boyle, Bilby & Thompson, of Tucson, for appellees.

PHELPS, Justice.

■ Appellees present a motion for rehearing in this cause upon the grounds:

1. That the court erred in holding that section 21-406, A.C.A.1939 requires the Statute of Frauds to be affirmatively plead in all cases;

2. The court erred in holding that subsection 7 of section 58-101 (Statute of Frauds) applies only to actions in which the broker is suing for compensation or a commission for the sale of real property; and

3. He claims there is no conflict in the evidence on the question of fraud.

We said in the original opinion that Rule 8(c), section 21-406, A.C.A.1939, requires the Statute of Frauds to be affirmatively plead in order to make it available as a defense. The statement there made was too broad. We should have said that in pleading to a preceding pleading it must be affirmatively plead. We observed in that opinion, however, that a motion is not a pleading.

Rule 12(b), section 21-429, A.C.A.1939 provides in part that: "Every defense, in law or fact, to a claim for relief in any pleading * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion; (1) lack of jurisdiction over the subject-matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted. * * *"

Section 21-429, supra, has since been amended (see Rules Civil Procedure as amended effective April 1, 1950) to include a seventh defense, to wit: "Failure to join an indispensable party," which may be raised by a motion to dismiss.

■ It will be observed that section 21-429, supra, again requires that every defense to a claim for relief be asserted in the responsive pleading thereto if one is required with the seven exceptions therein enumerated which may be raised by a motion to dismiss. With respect to the sixth exception, involved in this case, we approve the rule laid down by the Federal District Court of New York in Kahn v. Cecelia Co., 40 F.Supp. 878; Price v. Reynolds Metals Co., Inc., 69 F.Supp. 82,

also rendered by a Federal District Court of New York, and in A. G. Reeves Steel Const. Co. v. Weiss, 6 Cir., 119 F.2d 472, to the effect that if a defendant files a motion to dismiss *upon the ground that the complaint fails to state a claim upon which relief can be granted* and it appears upon the face of the complaint that it does not state a claim for any reason whatsoever such defense may be raised by motion to dismiss, not upon the ground however that it is in violation of the Statute of Frauds, if that be the reason, but upon the ground that the complaint does not state a claim. A motion to dismiss upon the ground that the complaint fails to state a claim upon which relief can be granted under the provisions of section 21-429, supra, is not waived by filing a motion raising defenses 1 to 5 in rule 12(b) (section 21-429) but it is considered by the courts to be so basic that it may be made even at the trial. Moore's Federal Practice Vol. 1, section 12.03 pp. 638–639.

The record before us contains no motion to dismiss at all. The abstract of record does disclose the court denied a motion to dismiss upon the ground that the Statute of Frauds must be affirmatively plead. Certainly if counsel relied upon a motion to dismiss upon any ground it was his duty to present it to us in some form as a part of the record here for our examination and consideration. However we held in the original opinion that the Statute of Frauds has no application in this case for the reason that the case was based upon the alleged false representations and fraudulent conduct of Hartman and was tried upon that theory by the court. The second cause of action alleges that appellee made certain false and fraudulent representations to appellant upon which he relied, etc., which in legal verbiage stated a claim upon which relief could be granted if supported by proper proof. Therefore the motion to dismiss in an attempt to raise the Statute of Frauds as a defense, upon whatever ground it was based becomes immaterial.

After holding that subsection 7 of section 58-101, A.C.A.1939, (the Statute of Frauds) was not applicable in this case we proceeded to discuss and interpret it; citing Hall v. Rankin, 22 Ariz. 13, 193 P. 756. This was dictum and was not properly incorporated in the opinion.

That there was a conflict in the evidence upon the question of fraud is so clear that it deserves no comment.

The court clearly erred in taking the case from the jury. A new trial must be granted and the question of fraud presented to the jury for its determination.

Judgment reversed and remanded with instructions to grant a new trial.

LA PRADE, C. J., and UDALL and STANFORD, JJ., concur.

DE CONCINI, J., did not participate in the determination of this case.