585 P.2d 884

**Thomas L. GRAHAM, Appellant,**

v.

**GOODYEAR AEROSPACE CORPORA-
TION, ARIZONA DIVISION,**
Appellee.

**No. 1 CA–CIV 3610.**

Court of Appeals of Arizona,
Division 1,
Department A.

March 30, 1978.

Rehearing Denied May 2, 1978.

Review Granted June 6, 1978.

Jerome & Gibson, P. C. by Alan M. Schiffman, Phoenix, for appellant.

Snell & Wilmer by Daniel J. McAuliffe, Phoenix, for appellee.

## OPINION

HAIRE, Presiding Judge.

The issue presented on this appeal is whether the trial court erred in dismissing plaintiff's complaint with prejudice and in refusing to grant plaintiff's motion to

amend his complaint. Plaintiff's original complaint sought to recover from defendant Goodyear Aerospace Corporation certain pension benefits which plaintiff claimed were due by reason of a contract between his union and the defendant.

Prior to the filing of any answer to plaintiff's complaint, defendant filed a motion to dismiss, asserting primarily that the complaint failed to state a claim by reason of plaintiff's failure to exhaust the union contract's grievance procedure remedies. Defendant's motion to dismiss was supported by exhibits which included a copy of the pertinent union contract, together with an affidavit which established the defendant's version of the facts relating to plaintiff's termination from employment and that the union had not submitted to defendant any formal grievance by or on behalf of plaintiff relating to the termination of his employment or concerning his pension rights. Inasmuch as defendant's motion presented matters outside the pleadings, it was treated by the court as a motion for summary judgment pursuant to the provisions of Rule 12(b), Rules of Civil Procedure, 16 A.R.S.

The parties appear to agree that because of plaintiff's failure to allege the exhaustion of the grievance procedures provided by the union contract, plaintiff's original complaint was defective. The parties also agree that an exception to the exhaustion requirement is recognized where the union refuses to process the grievance on the employee's behalf, or does so in a perfunctory fashion which breaches its duty of fair representation. *See Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). While defendant's motion to dismiss (treated as a motion for summary judgment) was pending, and before any ruling thereon was made by the trial court, plaintiff filed a "Motion to Amend Complaint" together with an attached proposed "First Amended Complaint". The amended complaint would have made the plaintiff's union, International Association of Machinists and Aerospace Workers, Aerospace Lodge No. 763, a party to the litigation. It also contained appropriate allegations which would bring plaintiff within the exception to the grievance exhaustion requirements as recognized by the *Hines* and *Vaca* decisions, *supra.*

In disposing of the defendant's motion to dismiss, and the plaintiff's motion to amend, the trial court granted defendant's motion to dismiss the complaint against defendant Goodyear Aerospace Corporation with prejudice; denied the motion to amend as to the defendant Goodyear Aerosapce Corporation; and granted the motion to amend only insofar as concerns the added defendant, International Association of Machinists and Aerospace Workers, Aerospace Lodge No. 763.

Plaintiff has appealed from the granting of the motion to dismiss *with prejudice* and from the denial of his motion to amend his complaint insofar as concerns defendant Goodyear Aerospace Corporation.

Plaintiff's primary contention is that because his motion to amend was filed prior to the filing of any answer by the defendant Goodyear Aerospace Corporation and prior to any ruling by the trial court on the pending motion to dismiss, he could amend his complaint as a matter of right, and therefore the trial judge committed error in dismissing his complaint with prejudice and in refusing to allow the filing of the amended complaint. We agree, and therefore hold that the judgment appealed from must be reversed.

Rule 15(a)(1), Rules of Civil Procedure, 16 A.R.S. provides:

"15(a) Amendments.

"1. *A party may amend his pleading once as a matter of course at any time before a responsive pleading is served,* or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave to amend shall be freely given when justice requires." (Emphasis added).

Under the facts presented here, at the time plaintiff submitted his motion to amend and proposed amended complaint, defendant had not filed an answer, but had filed his motion to dismiss. The question thus arises as to whether plaintiff's motion to dismiss is to be considered as a "responsive pleading" so as to defeat plaintiff's right to amend "as a matter of course".

Rule 7(a), Rules of Civil Procedure, sets forth the pleadings allowed under our civil rules, and neither a motion to dismiss nor a motion for summary judgment is listed therein.[1]

In regard to this question, Professor Moore comments as follows:

"The term 'a responsive pleading' as used in Rule 15(a) should be interpreted by reference to Rule 7(a), which defines 'pleadings' as including only the complaint, the answer, the reply, the answer to a cross-claim, and the third-party complaint and answer. So it has been held that a motion to dismiss for failure to state a claim is not a 'responsive pleading' within the meaning of Rule 15, and pleadings may be amended after such motions are made.

\*   \*   \*   \*   \*   \*

"[W]hile there is some authority that a motion for summary judgment should be treated as a 'responsive pleading' under Rule 15(a), *supra,* for the purpose of preventing the adverse party from amending his pleading once as of course, this is an incorrect interpretation of Rule 15(a). The proper view, which is supported by the weight of authority, is that a motion for summary judgment is not a responsive pleading so as to preclude amendment as a matter of right." (Footnotes omitted). 3 Moore's Federal Practice

¶ 15.07, at 851 to 852 (2d ed. 1974) and 6 Moore's Federal Practice ¶ 56.10, at 56–169 (2d ed. 1976).

The authorities cited by Moore are sound and in accord with the plain language of Rule 15 and its liberal policy relating to amendments.

▆▆▆ The various authorities cited by defendant are not in point, inasmuch as they involve situations in which the motion to amend, or attempted amendment as a matter of right, was filed or attempted for the first time after the entry by the trial court of its order of dismissal. Such was not the case here. Plaintiff's motion to amend and the proposed amended complaint was presented to the trial court well in advance of any ruling by the trial judge. The filing of the motion to amend, though unnecessary, did not act to give the trial judge the discretion to deny the motion. Rather, the motion to amend should have been granted, and its denial constituted reversible error.[2] *Kirk v. United States,* 232 F.2d 763 (9th Cir. 1956); *Rogers v. Girard Trust Co.,* 159 F.2d 239 (6th Cir. 1947).

▆▆ We are not persuaded by defendant's arguments to the effect that, in any event, the trial court's ruling was not prejudicial to plaintiff because, as contended by defendant, plaintiff will simply be unable to establish a legal excuse for his failure to exhaust the grievance procedures which are prerequisite to the pursuit of his claim. As we have previously stated, plaintiff's amended complaint clearly appears to state a viable claim under the exception established in *Hines* and *Vaca, supra.* We will not speculate as to whether, after time has elapsed for discovery, the amended complaint will likewise be vulnerable to an attack by defendant by appropriate motion.

1. Rule 7(a) provides:

   "7(a) Pleadings allowed. There shall be a complaint and an answer; a reply to a counter-claim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that

the court may order a reply to an answer or a third-party answer."

2. We reject defendant's contention that since plaintiff's amended complaint was not actually filed (as opposed to being tendered for filing) before the trial judge ruled on the motion to dismiss, the proffered amended complaint should be treated as though it was not even presented to the trial court before such ruling.

That portion of the trial court's judgment which dismissed plaintiff's complaint with prejudice and denied plaintiff's motion to amend as to the defendant Goodyear Aerospace Corporation is reversed, and the matter is remanded for further proceedings.

FROEB, C. J., and NELSON, J., concur.