212 P.3d 935

**Keith KING and Stacy King, husband and wife, Plaintiffs/Appellants,**

v.

**Ralph TITSWORTH, Defendant/Appellee.**

No. 1 CA–CV 08–0387.

Court of Appeals of Arizona,
Division 1, Department A.

June 4, 2009.

Keith and Stacy King, Waddell, Plaintiffs/Appellants, In Propria Persona.

Mariscal, Weeks, McIntyre & Friedlander, P.A. by Michael J. Plati, Phoenix, Attorneys for Defendant/Appellee.

## OPINION

BARKER, Judge.

¶ 1 Appellants Keith and Stacy King (hereinafter the "Kings") appeal the superior court's final judgment in their contract action against Ralph Titsworth ("Titsworth"). The Kings raise four issues on appeal. In this opinion, we only address the issue relating to attorneys' fees, and we vacate the trial court's award of attorneys' fees in favor of Titsworth. We address the remaining issues in a separate memorandum decision filed this date pursuant to Arizona Rule of Civil Appellate Procedure 28(g), and we affirm the trial court's judgment with respect to those issues.

I.

¶ 2 In June 2001, the Kings entered into an agreement with Titsworth to sell real property located in Jackson County, Arkansas. On September 17, 2001, the parties executed a "Settlement Statement" reflecting that Titsworth had paid the $60,000 purchase price and that the parties had performed their obligations under the Contract of Sale.

¶ 3 On February 10, 2006, the Kings filed this lawsuit, alleging that a separate agreement was entered into by the parties on June 2, 2001 ("June 2, 2001 Agreement"), in which

Titsworth allegedly agreed to pay the Kings $25,000 in addition to the $60,000 that was due at closing. The June 2, 2001 Agreement appeared to be signed by all parties, and the Kings claimed that Titsworth was in breach of that agreement.

¶ 4 Titsworth, proceeding *pro per*, filed an answer to the complaint and denied the Kings' allegations. Titsworth's answer did not contain a request for attorneys' fees. Eight months after he filed his answer, Titsworth retained counsel. At no time subsequent to retaining counsel did Titsworth move to amend his pleadings.

¶ 5 After a one-day bench trial, the court ruled in favor of Titsworth and against the Kings. Titsworth subsequently filed an application for attorneys' fees pursuant to Arizona Rule of Civil Procedure ("Rule") 54(g), claiming that an award for fees was proper under Arizona Revised Statutes ("A.R.S.") section 12–341.01. The Kings opposed the motion, arguing that Rule 54(g)(1) requires a claim for attorneys' fees be made in the pleadings and that Titsworth had never made such a claim prior to his application. Despite the Kings' objections, the trial court awarded Titsworth $14,700 in attorneys' fees.

¶ 6 The Kings again objected to the fee award in a motion for new trial and to alter/amend the judgment, but the trial court denied their motion. The Kings timely appealed. We have jurisdiction pursuant to A.R.S § 12–2101(B), (F)(1) (2003).

## II.

¶ 7 The Kings argue that the trial court erred in awarding attorneys' fees [1] to Titsworth because Titsworth never made a claim for attorneys' fees in his pleadings, as required by Rule 54(g)(1). We agree.

¶ 8 Awards of attorneys' fees generally are subject to an abuse of discretion standard. *See ABC Supply, Inc. v. Edwards,* 191 Ariz. 48, 52, 952 P.2d 286, 290 (App.1996). However, the interpretation of Rule 54(g)(1) is a question of law and thus is subject to our *de novo* review. *In re Reymundo F.,* 217 Ariz. 588, 590, ¶ 5, 177 P.3d 330, 332 (App. 2008) ("Issues concerning the proper interpretation of statutes and rules are questions of law, which we review de novo.").

¶ 9 Rule 54(g) was amended in 1999 and specifically provides that "[a] claim for attorneys' fees *shall be made in the pleadings.*" [2] Ariz. R. Civ. P. 54(g)(1) (emphasis added). This is the entirety of the text in Rule 54(g)(1). The State Bar Committee Notes explain that the rule was amended to "clarify that claims for attorneys' fees under A.R.S. § 12–341.01 or other similar grounds must be timely asserted in the pleadings." Ariz. R. Civ. P. 54(g), State Bar Committee Notes. When a claim for attorneys' fees has been made in the pleadings, the court will determine whether fees are warranted after a decision on the merits. Ariz. R. Civ. P. 54(g)(2).[3] The party that previously made a claim for fees in the pleadings must file a motion within twenty days from the clerk's mailing of a decision on the merits. *Id.*

¶ 10 The rules of civil procedure provide clarification as to what constitutes a "pleading" under Rule 54(g)(1). Rule 7(a) defines the following as "pleadings": a complaint, an answer, a counterclaim, a crossclaim, a third-party complaint, a third-party answer, and a reply.[4] Ariz. R. Civ. P. 7(a);

---

**1.** The Kings do not challenge the trial court's award of costs. Any issues with respect to that award are therefore waived. *See Carrillo v. State,* 169 Ariz. 126, 132, 817 P.2d 493, 499 (App.1991) ("Issues not clearly raised and argued on appeal are waived.").

**2.** Prior to 1999, Rule 54(g)(1) stated that "[c]laims for attorneys' fees and related nontaxable expenses *shall be made by motion* unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." (Emphasis added.)

**3.** Rule 54(g)(2) provides:

> When attorneys' fees are claimed, the determination as to the claimed attorneys' fees shall be made after a decision on the merits of the cause. The motion for attorneys' fees shall be filed within 20 days from the clerk's mailing of a decision on the merits of the cause, unless extended by the trial court.

Ariz. Civ. R. Civ. P. 54(g)(2).

**4.** Rule 7(a) in its entirety states:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if

*see also* 2 Daniel J. McAuliffe & Shirley J. Wahl, *Arizona Practice Series, Civil Trial Practice* § 3.4 (2d ed. Supp.2008). Our law is clear that "[a] motion is *not* a pleading within the meaning of [Rule 7(a) ]." McAuliffe & Wahl, *supra,* § 3.5 (citing *Mallamo v. Hartman,* 70 Ariz. 294, 297, 219 P.2d 1039, 1041 (1950), *modified on other grounds,* 70 Ariz. 420, 222 P.2d 797 (1950) ("A motion is not a pleading under the Federal Rules of Procedure adopted by this court.")); *see Graham v. Goodyear Aerospace Corp.,* 120 Ariz. 275, 277, 585 P.2d 884, 886 (App.1978) ("Rule 7(a), Rules of Civil Procedure, sets forth the pleadings allowed under our civil rules, and neither a motion to dismiss nor a motion for summary judgment is listed therein.").

¶ 11 When interpreting a rule of civil procedure, "[o]ur primary objective is to discern and give effect to the intent of" our supreme court in promulgating the rule. *Vega v. Sullivan,* 199 Ariz. 504, 507, ¶ 8, 19 P.3d 645, 648 (App.2001). The best and most reliable indicator of the drafters' intent is the language of the rule itself. *Id.* at ¶ 9. The Arizona Supreme Court's use of the words "shall be made in the pleadings" in Rule 54(g)(1) indicates its intent for the trial court to award fees under Rule 54(g)(2) *only if* the fees were previously claimed in one of the pleadings listed in Rule 7(a). Accordingly, a trial court may not award attorneys' fees under A.R.S. § 12–341.01 if the moving party only makes a claim for such fees in a motion outside of the pleadings.

¶ 12 Here, the record shows that Titsworth did not make a claim for attorneys' fees in his pleadings. Instead, Titsworth first made a claim for fees in a motion filed pursuant to Rule 54(g)(2) *after* the decision on the merits. Because Titsworth's claim for fees did not comply with Rule 54(g)(1), we hold that the trial court erred in awarding fees to him in this case.[5]

¶ 13 Our interpretation of Rule 54(g)(1) parallels other decisions interpreting the corollary rule under the Arizona Rules of Civil Appellate Procedure ("ARCAP"). The procedures for making a claim for attorneys' fees incurred on appeal are outlined in ARCAP 21(c) which states that "a request for allowance of attorneys' fees in connection with . . . [an] appeal . . . *shall be made* in the briefs on appeal, or by written motion filed and served prior to oral argument or submission of the appeal." ARCAP 21(c)(1) (emphasis added). Looking to the plain language of ARCAP 21(c), we have previously held that claims for attorneys' fees on appeal are untimely if not made in the briefs on appeal or in a motion before oral argument. *Robert E. Mann Constr. Co. v. Liebert Corp.,* 204 Ariz. 129, 132, ¶¶ 5–6, 60 P.3d 708, 711 (App.2003) (holding that a request made in trial court on remand was untimely); *see Parker v. McNeill,* 214 Ariz. 495, 498–99, ¶¶ 14–22, 154 P.3d 1041, 1044–45 (App.2007) (applying *Mann).* Our supreme court has similarly denied requests for fees as untimely if not made in the petition for review, as

a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer. Ariz. R. Civ. P. 7(a).

5. This matter is distinguishable from *Prendergast v. City of Tempe,* 143 Ariz. 14, 691 P.2d 726 (App.1984). In that case, the plaintiffs set forth a general claim for attorneys' fees in their complaint but did not specifically refer to the statutory basis of the claim until filing their cross-motion for summary judgment on the issue of damages. *Id.* at 22, 691 P.2d at 734. We cited Maricopa County Superior Court Local Rule 3.7(e)(1), which has since been abrogated. That rule provided that "[a] claim for attorneys' fees pursuant to A.R.S. § 12–341.01 shall be made in the pleadings, in the joint pretrial statement, or

by written notice filed and served prior to the trial or other determination on the merits of the cause." *Id.* at 22 n. 8, 691 P.2d at 734 n. 8. We held that the defendant was neither "surprised" nor "prejudiced" by the failure to identify the statutory basis of the claim for fees as being under A.R.S. § 12–341.01. *Id.* at 22, 691 P.2d at 734. This was so because the plaintiffs specifically cited the statutory basis for the claim " 'prior to the determination . . . on the merits of the case' " and because the plaintiffs substantially complied with the requirements of Local Rule 3.7(e)(1). *Id.* In our case, Titsworth first made a claim for fees after the determination on the merits of the case. At no time did Titsworth ever include, as plaintiffs in *Prendergast* did, notice of the claim for attorneys' fees in a pleading. Additionally, the rules upon which *Prendergast* relied have either been modified or abrogated. Accordingly, the holding and rationale in *Prendergast* are not applicable here.

required by ARCAP 21(c)(1). *See, e.g., First Am. Title Ins. Co. v. Action Acquisitions, LLC,* 218 Ariz. 394, 401, ¶ 38, 187 P.3d 1107, 1114 (2008) (holding that the appellee was not entitled to attorneys' fees as the successful party under A.R.S. § 12–341.01 because it requested attorneys' fees for the first time in its supplemental brief); *Powell v. Washburn,* 211 Ariz. 553, 560, ¶ 29, 125 P.3d 373, 380 (2006) (denying the appellee's claim for attorneys' fees because he made the request in his supplemental brief, not in his petition for review).

¶ 14 The policy underlying our fee-shifting statutes also supports our holding here. Our supreme court has stated that one of the purposes of fee-shifting statutes is to "promote settlement of disagreements out of court" and that "[u]nless each party is on notice *before* each stage of the law suit that its opponent intends to ask for attorney[s'] fees, [that] purpose cannot be served." *Wagenseller v. Scottsdale Mem'l Hosp.,* 147 Ariz. 370, 391, 710 P.2d 1025, 1046 (1985), *superseded in other respects by* A.R.S. § 23–1501. Accordingly, if we were to uphold the trial court's award of fees in this case, the Kings would have been unfairly deprived of the opportunity to "accurately assess the risks and benefits of litigating versus settling." *Mann,* 204 Ariz. at 133, ¶ 10, 60 P.3d at 712 ("It is fair to require parties to request fees earlier in the litigation process so that both sides may accurately assess the risks and benefits of litigating versus settling. In this way, the opportunity for out of court settlement may be enhanced.").

¶ 15 We are not persuaded by Titsworth's argument that the trial court's discretion under A.R.S. § 12–341.01 is sufficiently broad to allow an award of fees in these circumstances. As explained above, the plain language of Rule 54(g)(1) and the policy underlying our fee-shifting statutes require that a claim for fees be timely made in the pleadings prior to a decision on the merits so as to put the opposing party on notice of the claim. The language of Rule 54(g)(1) would be superfluous if we were to interpret A.R.S. § 12–341.01 as permitting an award of fees that was claimed for the first time in a motion filed after a decision on the merits.

*See Devenir Assocs. v. City of Phoenix,* 169 Ariz. 500, 503, 821 P.2d 161, 164 (1991) ("The court must, if possible, give meaning to each clause and word in the statute or rule to avoid rendering anything superfluous, void, contradictory, or insignificant.").

¶ 16 Titsworth also argues that he should be excused from the requirement to make a claim for fees in the pleadings because "there were no attorney[s'] fees to 'recover'" at the time he filed his answer as a *pro per* defendant. We are likewise not persuaded by this argument. Once Titsworth retained counsel, he could have moved to amend his answer to assert a claim for attorneys' fees. *See* Ariz. R. Civ. P. 15(a) ("Leave to amend shall be freely given when justice requires."); *Romo v. Reyes,* 26 Ariz.App. 374, 376, 548 P.2d 1186, 1188 (App.1976) ("An answer may be amended at any time before trial."). Since Titsworth did not make a claim for attorneys' fees in his initial pleading or in an amended pleading, the trial court's award of fees to Titsworth was in error and is vacated. *See, e.g., In re Marriage of Gibson,* 23 S.W.3d 686, 692 (Mo.Ct.App.2000) (reversing the trial court's award of attorneys' fees where the petitioner did not request an award in the pleadings "nor did he request leave to amend his pleadings").

### III.

¶ 17 For the reasons stated above, we vacate the trial court's award of attorneys' fees to Titsworth.

CONCURRING: JON W. THOMPSON, Presiding Judge, and ANN A. SCOTT TIMMER, Chief Judge.