NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DONNA MCQUALITY, a single woman, *Cross-Claimant/Appellant*,

*v.*

IAN MARTIN, *Cross-Defendant/Appellee*.

No. 1 CA-CV 13-0496
FILED 06-24-2014

Appeal from the Superior Court in Yavapai County
No. P1300CV201200997
The Honorable Peter J. Cahill, Judge

**AFFIRMED**

COUNSEL

Donna McQuality, Chino Valley
*Cross-Claimant/Appellant in propria persona*

Law Offices of Donald W. Hudspeth, PC, Phoenix
By Donald W. Hudspeth and Craig W. Broadbent
*Counsel for Cross-Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which
Presiding Judge John C. Gemmill and Judge Peter B. Swann joined.

**O R O Z C O**, Judge:

¶1          Appellant Donna McQuality (McQuality) appeals from the trial court judgment awarding Appellee Ian Martin's (Martin) attorney fees, taxable costs, and additional litigation-related expenses.  The trial court granted Martin's request for attorney fees after Martin successfully argued that the action arose out of contract; and therefore, an award of attorney fees to Martin as the prevailing party was appropriate under Arizona Revised Statutes (A.R.S.) section 12-341 and -341.01 (Supp. 2013).  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          Midland Funding, LLC, initiated this action against McQuality.  McQuality had entered into a credit card agreement with Citibank to open an account at the Home Depot (the Home Depot Card).  Midland was the successor-in-interest of the debt accrued on the Home Depot Card.  Midland sought a judgment against McQuality for charges and interest owed on the Home Depot Card.  In her answer, McQuality filed a cross-complaint against Martin, alleging that Martin was the owner of real property, located in the state of New York (the Property), that received improvements as a result of the charges incurred on the Home Depot Card.  In her cross-complaint, McQuality argued that Martin requested and approved improvements made to the Property and failed to reimburse McQuality for the cost of labor and materials for the improvements.  McQuality sought a judgment against Martin for the amount outstanding on the Home Depot Card.

¶3          At the time the litigation started, Martin owned the Property that received the improvements charged to the Home Depot Card.  However, McQuality's son and daughter-in-law had entered into an owner-financed sales agreement with Martin to purchase the Property and were living in the home.  After living on the Property and making improvements to it, McQuality's son and his wife conveyed their interest in the Property back to Martin, in order to be released from the agreement.

¶4          In response to McQuality's claim filed against him in Arizona, Martin filed an initial motion to dismiss.  This motion included a request for attorney fees and costs, but did not include a completed certificate of service.  The trial court denied Martin's motion to dismiss without prejudice because the court was unable to determine if Martin

properly served McQuality pursuant to Rule 5(a) of the Arizona Rules of Civil Procedure.

**¶5** Martin filed a second motion to dismiss, this time under Rule 12(b)(6), which the trial court granted but did not request attorney fees in the motion. Martin then filed an application for attorney fees, which the trial court also granted.

**¶6** McQuality timely appealed the trial court's award of attorney fees to Martin. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 12-120.21.A.1 (2003), and -2101.B (Supp. 2013).

## DISCUSSION

I.     Trial Court's Award of Attorney Fees to Martin

**¶7** The trial court granted attorney fees to Martin pursuant to A.R.S. § 12-341.01. McQuality argues that the trial court erred in awarding these fees because: (A) the action did not arise out of contract; (B) Martin's motion to dismiss did not request an award of attorney fees; (C) Martin's motion for attorney fees was untimely; and (D) the fees awarded were unreasonable.

**¶8** We review de novo the trial court's decision to award attorney fees to a successful party under § 12-341.01.A. *Rudinsky v. Harris*, 231 Ariz. 95, 101, ¶ 27, 290 P.3d 1218, 1224 (App. 2012). The statute allows the trial court to award attorney fees to the "successful party" in a "contested action arising out of contract" in order to "mitigate the burden of the expense of litigation to establish a just claim or a just defense." *See* A.R.S. § 12-341.01.A–.B. We review the amount of fees awarded by trial court under the abuse of discretion standard. *Rudinsky*, 231 Ariz. at 101, ¶ 27, 290 P.3d at 1224.

A.     The Action Arose Out of Contract

**¶9** McQuality asserts that the trial court erred in awarding attorney fees under § 12-341.01 because the underlying action between McQuality and Martin did not arise out of a contract between McQuality and Martin. McQuality did not argue that her cross-claim did not arise out of contract until after the court had ruled that fees would be awarded. She has therefore waived this argument. However, even if we set aside her waiver, we conclude that the cross-claim does arise out of contract. By

alleging that Martin requested and approved improvements made to the Property and failed to reimburse McQuality for the cost of labor and materials for the improvements, she alleged a contractual claim**.** The definition of "arises out of contract" is broad for the purposes of this statute. *Id.* For instance, under § 12-341.01, an action is considered to have arisen out of contract when a plaintiff asserts a contractual claim even if the defendant is later successful in proving that no contract existed. *Id.*

### B. Martin's Request for Attorney Fees

¶10 McQuality argues the trial court erred by awarding attorney fees to Martin because Martin did not request attorney fees, as required by Arizona Rule of Civil Procedure 54(g)(1), in his second motion to dismiss. While McQuality is correct that Rule 54(g)(1) requires a claim for attorney fees to be made in the pleadings, McQuality is incorrect that Martin failed to make such a request. *See King v. Titsworth*, 221 Ariz. 597, 598, ¶ 9, 212 P.3d 935, 936 (App. 2009).

¶11 Martin requested attorney fees in his answer to McQuality's cross-claim, which also included Martin's first motion to dismiss. An answer is a pleading. *See* Ariz. R. Civ. P. 7(a). The purpose of Rule 54(g)(1) is to give the opposing party notice that attorney fees are at issue. *See King*, 221 Ariz. at 600, ¶ 14, 212 P.3d at 938. Martin did just that in his initial answer and first motion to dismiss. Martin's request for attorney fees does not fail simply because Martin did not prevail in this initial motion to dismiss. Martin gave McQuality notice that he would be applying for attorney fees as the prevailing party months before the trial court disposed of the cross-claim on the merits. Rule 54(g)(1) simply states that the request must be in a pleading, not every filing thereafter. Therefore, because Martin requested attorney fees in his answer, Rule 54(g)(1)'s requirement has been met. *See Perrin v. Mallory Comm'n Co.*, 8 Ariz. 404, 406, 76 P. 476, 477 (1904) ("The only pleading of the defendant . . . is an answer.").

### C. Martin's Untimely Request for Attorney Fees

¶12 Next, McQuality asserts that Martin's motion for attorney fees was not timely filed, and therefore the trial court should not have granted the application. McQuality cites two unpublished decisions of this court to support her proposition that an untimely filing of a motion for attorney fees renders the application ineffective. We are not

persuaded by this authority. *See* ARCAP 28(c) ("Memorandum decisions shall not be regarded as precedent nor cited in any court . . . ."); *see also Walden Books Co. v. Dep't of Revenue*, 198 Ariz. 584, 589, ¶ 21, 12 P.3d 809, 814 (App. 2000) ("ARCAP 28(c) makes it improper to cite unpublished decisions as authority.").

¶13 Rule 54(g)(2) "gives the trial court discretion to extend the time for requesting attorney[] fees, and the party seeking fees need not request an extension prior to untimely filing its claim." *Aztar Corp. v. U.S. Fire Ins. Co.*, 223 Ariz. 463, 479, ¶ 60, 224 P.3d 960, 976 (App. 2010). Pursuant to this rule, the trial court did not abuse its discretion to grant Martin's untimely application for attorney fees. *See id.* at 480, ¶ 62, 224 P.3d at 977.

D. Requested Attorney Fees are Reasonable

¶14 Finally, McQuality contends that the attorney fees requested were unreasonable given the simplicity of this case. McQuality states that Martin's attorney may not seek reimbursement for fees and expenses that result from inefficient case management and unnecessary, duplicative, and unwarranted charges.

¶15 However, we view the record in the light most favorable to upholding the trial court's decision regarding attorney fees. *Rowland v. Great State Ins. Co.*, 199 Ariz. 577, 587, ¶ 31, 20 P.3d 1158, 1168 (App. 2001). We will not disturb the trial court's decision if it is supported by any reasonable basis. *Id.* A reasonable attorney fee contemplates both a reasonable billing rate and the hours reasonably expended on the service. *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 187–88, 673 P.2d 927, 931–32 (App. 1983). An "appellate court is somewhat unsuited for the fact-finding inquiry which is frequently necessary to properly determine reasonable fees for legal services rendered." *Id.* at 189, 673 P.2d at 933.

¶16 Once Martin established that he was entitled to attorney fees, the burden shifted to McQuality to demonstrate that the fees requested were unreasonable. *See, e.g., Assyia v. State Farm Mut. Auto. Ins. Co.*, 229 Ariz. 216, 223, ¶ 29, 273 P.3d 668, 675 (App. 2013). In her objections, McQuality outlines which charges she deems unreasonable but fails to adequately express why the charges are unreasonable. Based on the record in this case, the trial court did not abuse its discretion in determining that the rate and the requested hours needed to perform the legal services were reasonable, and we therefore affirm.

II.  Martin's Request for Attorney Fees on Appeal

**¶17**  Martin requests an award of attorney fees and costs pursuant to A.R.S. §§ 12-341, -341.01.A, and ARCAP 21.  In our discretion, we award Martin his attorney fees and costs of this appeal upon compliance with ARCAP 21.

## CONCLUSION

**¶18**  For the reasons discussed above, we affirm the trial court's award of attorney fees to Martin and award Martin his reasonable attorney fees on appeal.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh