NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

GEORGE THOMMI, et al., *Plaintiffs/Appellants*,

*v.*

RICHARD FISHER, et al., *Defendants/Appellees*.

No. 1 CA-CV 18-0146
FILED 10-25-2018

Appeal from the Superior Court in Maricopa County
No. CV2017-094815
The Honorable David King Udall, Judge

**VACATED AND REMANDED**

COUNSEL

Snell & Wilmer, L.L.P., Phoenix
By Edward J. Hermes
*Counsel for Plaintiffs/Appellants*

Beus Gilbert, P.L.L.C., Phoenix
By Paul E. Gilbert, Cory L. Broadbent, Cassandra H. Ayres
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Vice Chief Judge Peter B. Swann and Judge David D. Weinzweig joined.

---

**J O N E S**, Judge:

**¶1**         George and Mary Thommi challenge the trial court's award of attorneys' fees to Appellees (collectively, Chew-Fisher). For the following reasons, we vacate the award and remand for entry of an order denying Chew-Fisher's request for fees.

### FACTS AND PROCEDURAL HISTORY

**¶2**         In August 2017, the Thommis filed a complaint against Chew-Fisher, seeking contract damages arising from its failure to perform duties prescribed by various operating agreements in the course of managing a real estate investment project. In lieu of answering the complaint, Chew-Fisher moved to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim. *See* Ariz. R. Civ. P. 12(b)(2), (3), (6). Chew-Fisher did not request an award of attorneys' fees in its motion or reply.

**¶3**         After the case was dismissed, Chew-Fisher filed an application for attorneys' fees, asserting entitlement pursuant to Arizona Revised Statutes (A.R.S.) § 12-341.01(A)[1] (authorizing an award of attorneys' fees to the successful party in a contract action). The trial court granted the application over the Thommis' objection. The Thommis timely appealed the final judgment, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

### DISCUSSION

**¶4**         The Thommis argue the trial court erred by awarding Chew-Fisher attorneys' fees because Chew-Fisher did not timely assert a claim for fees under Arizona Rule of Civil Procedure 54(g). Whether attorneys' fees are available under A.R.S. § 12-341.01 presents a question of law we review *de novo*. *See Dooley v. O'Brien*, 226 Ariz. 149, 152, ¶ 9 (App. 2010) (quoting

---

[1]         Absent material changes from the relevant date, we cite the current version of rules and statutes.

*Ariz. Tile, L.L.C. v. Berger*, 223 Ariz. 491, 498-99, ¶ 35 (App. 2010)); *see also King v. Titsworth*, 221 Ariz. 597, 598, ¶ 8 (App. 2009) (reviewing a party's compliance with Rule 54(g) *de novo*) (citing *In re Reymundo F.*, 217 Ariz. 588, 590, ¶ 5 (App. 2008)).

**¶5**　　　　Arizona law provides that, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A). But even where it is undisputed that an action arises out of contract, there is no presumption that attorneys' fees will be awarded. *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 569 (1985). The fee-shifting provision exists to:

> (1) mitigat[e] the burden of the expense of litigation to establish a just claim or a just defense; (2) encourag[e] more careful analysis prior to filing suit by imposing the risk of paying the opposing party's attorneys' fees where legitimate settlement offers are rejected; and (3) promot[e] settlement and thus reduc[e] caseloads involving contractual matters.

*Am. Power Prods., Inc. v. CSK Auto, Inc.*, 242 Ariz. 364, 369, ¶ 20 (2017) (quoting *Hall v. Read Dev., Inc.*, 229 Ariz. 277, 282, ¶ 18 (App. 2012)). These purposes are not served "[u]nless each party is on notice *before* each stage of the [lawsuit] that its opponent intends to ask for attorney's fees." *King*, 221 Ariz. at 600, ¶ 14 (quoting *Wagenseller v. Scottsdale Memorial Hosp.*, 147 Ariz. 370, 391 (1985), *superceded in other respects by* A.R.S. § 23-1501); *accord Robert E. Mann Constr. Co. v. Liebert Corp.*, 204 Ariz. 129, 133, ¶ 10 (App. 2003) ("It is fair to require parties to request fees earlier in the litigation process so that both sides may accurately assess the risks and benefits of litigating versus settling. In this way, the opportunity for out of court settlement may be enhanced.") (citing *Wagenseller*, 147 Ariz. at 391).

**¶6**　　　　Our supreme court adopted the requirement of notice in a 1999 amendment to Rule 54(g) stating "[a] claim for attorneys' fees shall be made in the pleadings."[2] Ariz. R. Civ. P. 54(g) (1999) (effective Dec. 1, 1999). The current version of Rule 54(g), in effect at the time the Thommis filed their complaint, clarifies that "a claim for attorney's fees must be made in the pleadings *or* in a Rule 12 motion filed before the movant's responsive

---

[2]　　　　The prior version of Rule 54(g) ambiguously provided that "[c]laims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." Ariz. R. Civ. P. 54(g) (1996).

pleading." Ariz. R. Civ. P. 54(g) (emphasis added). The new language codifies this Court's holding in *Balestrieri v. Balestrieri*, 232 Ariz. 25, 27, ¶ 8 (App. 2013), that Rule 54(g)(1) authorizes a fee request be made in a successful Rule 12 motion filed in lieu of a responsive pleading because "[s]uch a motion effectively takes the place of an answer for as long as it remains pending" and "puts the opposing party on immediate notice that he or she risks a fees award if the case is not settled before the court decides the motion." *See* Ariz. R. Civ. P. 54 cmt. to 2017 amends.

**¶7** Chew-Fisher argues the heading "generally" indicates "flexibility in this rule" of when a claim for fees "must be made" that would allow the trial court to exercise its discretion to award fees under A.R.S. § 12-341.01 notwithstanding a timely claim. We disagree. This Court has repeatedly held that the notice requirement promulgated by Rule 54(g)(1) is mandatory, not discretionary, *see, e.g., Balestrieri*, 232 Ariz. at 28, ¶ 11; *King*, 221 Ariz. at 599, ¶ 11, and has already rejected the suggestion that A.R.S. § 12-341.01 is sufficiently broad to allow an award of fees notwithstanding noncompliance with Rule 54(g)(1), *King*, 221 Ariz. at 600, ¶ 15. Moreover, "titles and headings 'are but tools available for the resolution of a doubt[;] they cannot undo or limit that which the text makes plain.'" *Phillips v. O'Neil*, 243 Ariz. 299, 302, ¶ 12 (2017) (quoting *Bhd. of R.R. Trainmen v. Balt. & O.R. Co.*, 331 U.S. 519, 528-29 (1947), and *State ex rel. Romley v. Hauser*, 209 Ariz. 539, 542-43, ¶ 16 (2005)); *see also* A.R.S. § 1-212 ("[H]eadings to sections . . . are supplied for the purpose of convenient reference and do not constitute part of the law.").

**¶8** We reject Chew-Fisher's argument that requiring its compliance with Rule 54(g)(1) impermissibly "elevates form over substance" for much the same reason. Both the plain language of Rule 54(g)(1) and the policy underlying the fee-shifting statute require that a claim for fees be timely made in the pleadings or Rule 12 motion in order to put the opposing party on notice of the claim and increase the opportunity for settlement. The requirement for notice, and the timing and form thereof, are precisely the sort of procedural matters that will "secure the just, speedy, and inexpensive determination" of an action, and are therefore appropriate for resolution through procedural rules. Ariz. R. Civ. P. 1; *see also* Ariz. Const. art. 6, § 5(5) (granting our supreme court the authority "to make rules relative to all procedural matters in any court"). Accordingly, we find no offense in either the plain language or strict enforcement of Rule 54(g)(1).

**¶9** Finally, Chew-Fisher argues the notice requirement is satisfied because the Thommis asserted a claim for attorneys' fees in their

4

own complaint and therefore should have anticipated Chew-Fisher would claim fees on the same basis. Chew-Fisher cites no authority for the suggestion that one party may be relieved of its responsibility to make a timely and Rule 54(g)-compliant claim for attorneys' fees through the diligence of the opposing party.

**¶10** In sum, a party who does not assert the claim to fees in his responsive pleading or motion to dismiss forfeits his claim. *Balestrieri*, 232 Ariz. at 27, 28, ¶¶ 6, 11 ("Certainly Rule 54(g)(1) forbids a request [for attorneys' fees] first made in a post-trial motion."); *see also King*, 221 Ariz. at 599, ¶ 11. Chew-Fisher did not timely assert a claim for attorneys' fees within its motion to dismiss, and the trial court erred in awarding fees.

## CONCLUSION

**¶11** The trial court's order awarding attorneys' fees to Chew-Fisher is vacated and the case is remanded with instructions to enter an order denying Chew-Fisher's motion for fees.

**¶12** Both parties request an award of attorneys' fees and costs incurred on appeal pursuant to A.R.S. § 12-341.01. Chew-Fisher is not the prevailing party, and its request is denied. We award the Thommis their reasonable attorneys' fees and costs incurred on appeal upon compliance with ARCAP 21(b).



AMY M. WOOD • Clerk of the Court
FILED: AA