IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In the Matter of:

THE AIYLAM AND SARANYA KRISHNAN LIVING TRUST,

SUNDAR KRISHNAN, et al., *Petitioners/Appellees,*

*v.*

VENKATESH KRISHNAN, *Respondent/Appellant.*

No. 1 CA-CV 25-0139 PB

FILED 01-14-2026

Appeal from the Superior Court in Maricopa County
No. PB2021-003129
The Honorable Elizabeth T. Bingert, Judge *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

Alexander R. Arpad, Phoenix
*Counsel for Respondent/Appellant*

Jaburg & Wilk, P.C., Phoenix
By Kathi M. Sandweiss
*Co-Counsel for Petitioners/Appellees*

Lincoln & Lauer, Phoenix
By Michelle M. Lauer
*Co-Counsel for Petitioners/Appellees*

_____

**OPINION**

Judge Andrew J. Becke delivered the opinion of the Court, in which Presiding Judge David B. Gass and Judge Michael J. Brown joined.

_____

**B E C K E**, Judge:

¶1        Venkatesh Krishnan appeals from the superior court's order denying his motion for a new trial or to alter or amend the court's award of attorneys' fees and costs to Sundar Krishnan and Suchitra Krishnan Myjak and against Venkatesh.[1] For the following reasons, we reverse the court's order, vacate the award of attorneys' fees, and remand for further proceedings consistent with this opinion.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        In November 2011, Aiylam and Saranya Krishnan established "The Aiylam and Saranya Krishnan Living Trust" ("Trust"), designating two of their children—Venkatesh and Suchitra—as beneficiaries, each entitled to a 50 percent share upon the death of either grantor. The Trust named Venkatesh as successor trustee.

¶3        In March 2017, after Aiylam had died, Saranya, as surviving grantor and trustee, amended the Trust to add two additional children— Sundar and Sujatha—as beneficiaries, each entitled to a 25 percent share upon her death.

¶4        Following Saranya's death two years later, Venkatesh notified his siblings by email that he was then serving as successor trustee. In that correspondence, he advised them that they could request relevant portions of the trust instrument and would receive an annual accounting. Over the following years, disputes arose among the four siblings regarding Venkatesh's administration of the Trust, the management of its assets, and the distribution of Trust property.

_____

[1] Because the parties share a common family name, we respectfully refer to them by their first names to avoid confusion.

¶5            In July 2021, Sundar and Suchitra jointly petitioned the superior court to: (1) remove Venkatesh as trustee, (2) appoint Suchitra as successor trustee, (3) compel Venkatesh to turn an asset over to the Trust, (4) impose surcharges for alleged breaches of fiduciary duty, and (5) award them attorneys' fees and costs. They later amended their petition to request additional remedies, while maintaining their claim for attorneys' fees and costs.

¶6            In September 2023, Sundar and Suchitra moved to dismiss their claims. The motion explained that they were unable to obtain necessary documents from a foreign bank and that personal circumstances made continuing the litigation impractical. Sundar and Suchitra asked the court to permit them to voluntarily withdraw their claims so long as the court directed Venkatesh to complete his administrative duties over the Trust.

¶7            In January 2024, the court entered an order granting Sundar and Suchitra's motion to withdraw their claims and ordering Venkatesh to complete administration of the Trust. In August 2024, the court dismissed the case with prejudice, ordering that any motion for attorneys' fees be filed within 20 days.

¶8            Venkatesh filed an application seeking an award of attorneys' fees and costs. Sundar and Suchitra each submitted their own applications seeking attorneys' fees and costs from Venkatesh.

¶9            Venkatesh opposed Sundar and Suchitra's requests, arguing that they had cited no authority supporting an award of attorneys' fees and had not prevailed on any of their claims. He maintained that the court's dismissal order had resolved their fee requests, and that, as the prevailing party, he was instead entitled to recover a fee award—although his response likewise cited no authority supporting such an award.

¶10           In December 2024, the court awarded Sundar approximately $16,000 and Suchitra approximately $25,000 in attorneys' fees citing A.R.S. § 14-1105(A). The court concluded that Venkatesh's conduct throughout the proceedings had unreasonably expanded the litigation.

¶11           In January 2025, Venkatesh moved for a new trial or to alter or amend the judgment on attorneys' fees, which the court ultimately denied. We have jurisdiction over Venkatesh's timely notices of appeal, challenging the attorneys' fees award as well as the denial of his motion for a new trial or to alter or amend the judgment, under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶12      Venkatesh argues the superior court erred in awarding attorneys' fees to Sundar and Suchitra based on § 14-1105(A) because (1) they failed to cite any legal authority supporting their fee request, and (2) the court misapplied the statute in granting the award. He also argues the award included fees not reasonably attributable to any fault or unreasonable action by him. Because the court misapplied § 14-1105(A) and erred in granting attorneys' fees to Sundar and Suchitra, we need not address Venkatesh's argument that the award included fees not caused by his conduct.

¶13      We generally review a superior court's award of attorneys' fees for an abuse of discretion, but review questions of law *de novo. King v. Titsworth*, 221 Ariz. 597, 598, ¶ 8 (App. 2009). When a rule is clear and unambiguous, we give its language its ordinary meaning unless doing so would lead to an absurd result. *Searchtoppers.com, L.L.C. v. TrustCash LLC*, 231 Ariz. 236, 239, ¶ 10 (App. 2012).

## I.    Sundar and Suchitra's Pleadings Gave Venkatesh Notice They Were Seeking Attorneys' Fees.

¶14      Venkatesh argues Sundar and Suchitra never cited any statute or rule authorizing a post-dismissal award of attorneys' fees and thus deprived him of notice of their intent to seek such an award. We disagree.

¶15      The notice requirement is governed by Arizona Rule of Civil Procedure 54(g)(1), the interpretation of which we review *de novo. King*, 221 Ariz. at 598, ¶ 8. "We also seek to read court rules in conjunction with one another and harmonize them whenever possible." *Searchtoppers.com, L.L.C.*, 231 Ariz. at 239, ¶ 10; *see* Ariz. R. Prob. P. 4(a)(1) ("The Civil Rules apply to probate proceedings unless they are inconsistent with these probate rules . . . .").

¶16      Civil Rule 54(g)(1) provides that a claim for attorneys' fees "must be made in the pleadings." Probate Rule 2(u) defines a "pleading" as "an application, a petition, or a response to a petition." Here, Sundar and Suchitra requested an award of attorneys' fees and costs against Venkatesh under §§ 14-1105 and -11004 in their joint petition and amended joint petition. Accordingly, they provided Venkatesh with proper notice of their intent to seek attorneys' fees in compliance with Civil Rule 54(g)(1). *See Fen Investments, LLC v. Fonzi Food*, 257 Ariz. 533, 541, ¶ 36 (App. 2024) (concluding that party gave proper notice of an award of attorneys' fees because the party's "complaint cited authority for a fee award"); *accord*

*King*, 221 Ariz. at 599, ¶ 11 (holding the superior court cannot award attorneys' fees under A.R.S. § 12-341.01 if the seeking party does not make a claim for such award in its pleadings, including a complaint).

## II. Under § 14-1105(A), the Superior Court May Grant an Award of Attorneys' Fees Only to a Decedent's Trust, Not Its Beneficiaries.

**¶17** Because Venkatesh's procedural argument fails, we turn to whether § 14-1105(A) authorized the superior court's post-dismissal fee award. Venkatesh argues that § 14-1105(A) permits only a decedent's trust, not its beneficiaries, to recover attorneys' fees. We agree.

**¶18** Sundar and Suchitra contend that Venkatesh failed to preserve for appeal his argument that § 14-1105 does not authorize a fee award to beneficiaries. Not so. Venkatesh argued in his response to Sundar and Suchitra's fee application in the superior court that they had "not identified a single authority that would justify an award of fees." That was sufficient to preserve this issue for appeal.

**¶19** "Arizona 'follow[s] the general American rule that attorney fees are not recoverable unless they are expressly provided for either by statute or contract.'" *L.H. v. Culbertson*, 257 Ariz. 459, 462, ¶ 8 (App. 2024) (quoting *Kaufmann v. Cruikshank*, 222 Ariz. 488, 490, ¶ 7 (App. 2009)). "Whether a statute, rule, or contractual provision authorizes a fee award in a particular case is a question of law reviewed *de novo*." *Culbertson*, 257 Ariz. at 462, ¶ 8 (citing *State v. Shipman*, 208 Ariz. 474, 474, ¶ 3 (App. 2004)).

**¶20** Section 14-1105(A) states that

> [i]f the court finds that a decedent's estate or trust has incurred professional fees or expenses as a result of unreasonable conduct, the court may order the person who engaged in the conduct . . . to pay <u>the decedent's estate or trust</u> for some or all of the fees and expenses as the court deems just under the circumstances.

(Emphasis added).

**¶21** The superior court cited only § 14-1105(A) as a basis for its award, finding that Venkatesh unreasonably expanded the litigation by filing a motion that: (1) created unnecessary delay, (2) disrupted the established distribution timeline, and (3) prolonged the resolution of distributions and fees. It then ordered Venkatesh to pay attorneys' fees to Sundar and Suchitra.

¶22 The plain language of § 14-1105(A), however, provides that "the decedent's estate or trust" is eligible for an award of fees. The statute does not address fee awards to beneficiaries. Sundar and Suchitra were named as beneficiaries in the Trust's 2017 amendment. They are not the decedent's estate or trust, nor are they trustees. Accordingly, § 14-1105(A) does not authorize an award of attorneys' fees to them. We therefore vacate the superior court's award of attorneys' fees to Sundar and Suchitra against Venkatesh.

## III. We Grant Costs to Venkatesh.

¶23 Venkatesh requests an award of costs incurred on appeal under A.R.S. § 12-341. Sundar and Suchitra request attorneys' fees and costs incurred on appeal under A.R.S. §§ 12-349 and 14-1105.

¶24 Because we vacate the superior court's award of attorneys' fees and costs to Sundar and Suchitra, they are not the prevailing party. Accordingly, we deny their request, and award Venkatesh taxable costs, subject to compliance with ARCAP 21.

## CONCLUSION

¶25 We reverse the superior court's order denying Venkatesh's motion for a new trial or to alter or amend the court's award of attorneys' fees and costs, vacate the superior court's award of attorneys' fees and costs for Sundar and Suchitra against Venkatesh, and remand to the superior court for proceedings consistent with this opinion.

