No. 53,508

MARY JOE JOHNSON, *Appellant*, v. L. W. JOHNSON, *Appellee*.

(662 P.2d 1178)

Opinion filed January 14, 1983.

*LaVone A. Daily,* of Scott & Daily, Chartered, of Kansas City, argued the cause and *Kris L. Arnold,* of the same firm, was with him on the briefs for appellant.

*Laurence M. Jarvis,* of Laurence M. Jarvis, Chartered, of Kansas City, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

MILLER, J.: This appeal requires a determination of the meaning of an order entered by a Texas judge in a divorce case, and the resultant effect of that order. This case was heard by the Court of Appeals, which reversed the trial court in a divided unpublished opinion. We granted review. The facts, in chronological order, are:

November 17, 1963   Mary Joe Johnson and L. W. Johnson were married in Humbolt, Tennessee.

September 10, 1968   A child, Marcellaus Ladel Johnson, was born.

January 2, 1973   Mrs. Johnson filed this action for divorce in Wyandotte District Court. Defendant, L. W. Johnson, was served personally in Wyandotte County with summons, and he retained counsel and entered his general appearance in the action.

January 4, 1973   Mr. Johnson, claiming Gregg County, Texas, as his legal residence, commenced an action for divorce and allied relief in the Domestic Relations Court in and for

Gregg County, Texas. Mrs. Johnson entered her general appearance in that action, both pro se and by counsel.

June 4, 1973   The Texas court granted a divorce, gave Mrs. Johnson custody of the child, awarded her the Kansas real estate, and fixed child support at $200 per month.

June 21, 1973 and

July 2, 1973   Mrs. Johnson, through different Texas attorneys, filed motions for a new trial.

July 19, 1973   The Texas trial judge entered the following order:

"On the 19 day of July, 1973, came on to be heard Respondent Mary Jo Johnson's Motion for New Trial or in the alternative to set aside the Judgment of this Court dated June 4, 1973.

"And the Court after examining the record, considering the same, is of the opinion that said Judgment should be revised in so far as it pertains to the community property of the parties.

"It is THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Judgment of this Court dated June 4, 1973, be, and the same is hereby revised in that the provisions of said Judgment pertaining to the community property of the parties, custody and child support of Petitioner and Respondent's minor children be and they are hereby set aside.

"It is FURTHER ORDERED that a hearing be held on the 13 day of August, 1973, at 1:30 o'clock, p.m. to determine custody, child support and visitation of Petitioner and Respondent's minor children and division of Petitioner and Respondent's community property."

August 13, 1973   No hearing was held, no action was taken.

October 25, 1973   The Texas trial judge entered the following order, which is of particular interest in the case now before us:

"On this the 25th day of October, 1973, it having been brought to the attention of the Court that Motions For New Trial have been filed herein on the 21st day of June, 1973, and the 2nd day of July, 1973, and it further appearing to the Court that such Motions have been on file herein for more than 45 days without any action having been taken thereon and are therefore overruled as a matter of law.

"IT IS THEREFORE THE ORDER OF THIS COURT that all Motions For New Trial filed hereon are herein dismissed *and the judgment heretofore entered is hereby reaffirmed.*" (Emphasis supplied.)

February 8, 1974   The Kansas case was tried. The trial court recognized the Texas divorce, but found that the Texas court had set aside the remainder of its judgment on July 19, 1973. The Kansas court then proceeded to divide the property of the parties, granted custody of the child to the wife, and fixed child support at $400 per month.

January 29, 1979   The husband filed a motion in the Kansas case to set aside the judgment of February 8, 1974.

June 29, 1979   The trial court (with a different judge presiding) heard evidence and took the matter under advisement, meanwhile restraining the wife from enforcing the 1974 order.

Ultimately, the trial court filed a memorandum opinion in which it said in pertinent part:

"On June 4, 1973, the Texas Court granted the divorce requested by L. W. Johnson, defendant herein, and the plaintiff there. The Texas Court specifically found that it had personal jurisdiction over both parties and over the subject matter. On the basis of its decision that there was proper jurisdiction, The Texas Court also adjudicated the issues of child support, child custody, property disposition, and attorneys fees.

"On June 21, 1973, Mary Johnson, the plaintiff herein, and the defendant in the Texas case, filed a motion for a new trial. The Court agreed to a rehearing only as to the issues of child support, child custody, and property disposition. The Texas Court set a hearing date but Mary Johnson, for whatever reason, failed to appear, leaving the Texas Court no alternative but to reaffirm its original judgment. On the basis of the Texas judgment, L. W. Johnson believed that all issues had been adjudicated.

"Mary Johnson, in the meantime, continued on with the Kansas divorce proceeding, even though she was aware of the Texas proceedings, having retained Texas Counsel to represent her.

"On February 8, 1974, Mary Johnson obtained a default divorce from L. W. Johnson in Wyandotte County, Kansas in this case. L. W. Johnson was not present nor was he represented by Counsel. I am sure the Wyandotte County Court was not aware of the Texas Court's reaffirmation of its original judgment.

"The situation that is causing the dispute herein is the great disparity that exists between the judgment obligation of the two divorce decrees. Mr. Johnson has, since its rendition, relied upon the Texas decree. Mrs. Johnson has in turn relied on the Kansas decree. Mr. Johnson has substantially complied with the terms of the Texas decree. However, under the relevant provision of the Kansas decree, Mr. Johnson is far behind in his obligation.

. . . .

"The issue as I perceive it is whether the Texas decree, in its entirety is entitled to full faith and credit here in Kansas.

"Defendant contends that the Texas judgment was and is entitled to full faith and credit in Kansas and therefore the Kansas Court erred in allowing further litigation. I concur with the defendant's contention. I cannot believe that Judge Moroney erred per se but I think he acted correctly based on the facts he had before him at the time. I believe he was unaware of the true procedural nature of the Texas judgment. Had he been cognizant of the finality of the Texas decree and Mrs. Johnson's appearance there, he would have recognized that the Texas judgment was entitled to full faith and credit.

"The question specifically before me is whether Kansas, based upon all the

evidence I now have before me, is required to recognize the Texas decree as determining all matters relative to property, alimony, child support, and custody. I believe the Kansas Court is required to recognize the Texas judgment as dispositive.

.   .   .   .

"In Kansas we have a statute which specifically speaks to the question before me. K.S.A. 60-1611 reads as follows:

" 'Effect of a decree in another state. A judgment or decree of divorce rendered in any other state or territory of the United States, in conformity with the laws thereof, shall be given full faith and credit in this state; except, that in the event the defendant in such action, at the time of such judgment or decree, was a resident of this state and did not personally appear or defend the action in the court or such state or territory, and such court did not have jurisdiction over his or her person, all matters relating to alimony, and to the property rights of the parties, and to the custody and maintenance of the minor children of the parties, shall be subject to inquiry and determination in any proper action or proceeding brought in any courts of this state within two (2) years after the date of the foreign judgment or decree, to the same extent as though the foreign judgment or decree had not been rendered.' (L. 1963, ch. 303, 60-1611; L. 1965, ch. 355 § 7; June 30.)

"Under this law and relevant case law the portion of the Texas judgment granting the divorce is final and entitled to full faith and credit in Kansas. After the Texas decree was entered Mrs. Johnson's action for divorce here in effect became a K.S.A. 60-1611 action for alimony, child support, and property division.

"As K.S.A. 60-1611 clearly states Mrs. Johnson can maintain such an action *only if* she meets the conditions of the exception. Mrs. Johnson must have been a resident at the time of the Texas judgment. The record clearly indicates that she was. Mrs. Johnson must not have personally appeared or defended the action in Texas and the Texas Court must not have had jurisdiction over her. In my opinion, although Mrs. Johnson did not 'personally' appear in Texas she did retain Texas Counsel to defend her in the action. Mrs. Johnson submitted to the Texas jurisdiction both before and after the entry of judgment. She sought affirmative relief there in asking for attorneys fees to pay for the Texas attorneys she had retained to defend her. That request was granted in the final Texas decree. Mrs. Johnson also requested a new trial on all issues except the termination of the marriage relationship itself. The Texas Court agreed to hear the motion but for whatever reason Mrs. Johnson decided not to follow through, the Texas Court found that it had personal jurisdiction over Mrs. Johnson. The Court, therefore, had no other alternative after Mrs. Johnson failed to appear but to reaffirm its original judgment. The Texas judgment was reinstated and became final. Only after that did Mrs. Johnson obtain a default judgment in Kansas with substantially different and additional awards.

"Clearly, Mrs. Johnson did not comply with the requirements in K.S.A. 60-1611 and therefore could not *properly* maintain such action in Kansas. Mrs. Johnson by and through her Texas Counsel submitted herself to the jurisdiction of the Texas Court. She requested affirmative relief and moreover she *accepted* the benefits of the Texas judgment such as child custody, child support, attorneys fees, possession and use of the marital home.

"Since Mrs. Johnson did not comply with the provisions of K.S.A. 60-1611 the Texas judgment is entitled to full faith and credit in Kansas. Mrs. Johnson never contested the Texas decree and never informed the Kansas Court of the final judgment rendered. I feel that had Judge Moroney been able to view the entire record he would have dismissed the Kansas proceeding. It is well recognized that an action for alimony and property division may be maintained in Kansas even though a divorce may have been granted in another state *so long as the requirements of K.S.A. 60-1611 are met.* Kendall v. Kendall 224 Kan. 624, 585 P.2d 978 (my emphasis). In this case Mrs. Johnson simply did not meet those requirements.

"On the basis of the entire record and proceedings I find that the Texas Court did have personal jurisdiction over Mrs. Johnson and the Kansas Court did not have jurisdiction pursuant to K.S.A. 60-1611. The Texas decree is valid in its entirety and is entitled to full faith and credit. Defendant's motion to set aside the Kansas judgment is sustained."

Plaintiff appealed. The majority opinion of the Court of Appeals held that the Texas court's order of October 25, 1973, was a part of the record of that court on February 8, 1974, and "could surely have been offered as evidence" in the Kansas trial. It concluded that the Texas court's order of October 25, 1973, was, as plaintiff characterizes it, a mere "housecleaning" order disposing of the motions for new trial and reaffirming not the original judgment of June 4, 1973, but reaffirming the order of July 19, 1973, setting it aside. We granted review.

Before proceeding, we note that documents which were not before the trial judge in this case have been provided in the briefs for each of the parties, one document by the plaintiff and one document by the defendant. Since this evidence was not before the trial judge, we decline to consider it here.

The defendant did not appear before the trial court when the Kansas divorce case came on for final hearing on February 8, 1974; plaintiff appeared in person and by counsel. At the hearing of defendant's motion to set aside the February 8 judgment, the plaintiff testified that the last letters that she received from her Texas lawyers were written in August, 1973, and that she did not know anything about the order of the Texas court entered on October 25, 1973. There is no evidence in the record that the trial judge, on February 8, 1974, was provided with a copy of the Texas court's final order of October 25, 1973.

Let us review the Texas proceedings. The petition was filed by L. W. Johnson on January 4, 1973. Mrs. Johnson was served personally in Wyandotte County, Kansas. Thereafter, through

Texas counsel, she filed an answer objecting to the jurisdiction of the court. That answer asserted that both parties were nonresidents of Texas and in fact resided in Kansas; that the child was living in Kansas with Mrs. Johnson; and that the trial court had no jurisdiction over the parties, their child, or their property. A few days thereafter, however, Mrs. Johnson, pro se, filed a motion for allowance of attorney fees, reciting that Mr. Johnson was an officer in the United States Army with substantial take-home pay, that Mrs. Johnson was maintaining a home in Kansas for herself and their minor child, and that she was unable to pay those expenses and also to pay attorney fees.

Rule 120a of the Texas Rules of Civil Procedure provides in relevant part that:

"[A] special appearance may be made by any party . . . for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant . . . A special appearance may be made as to an entire proceeding or as to any severable claim involved therein. Such special appearance shall be made by sworn motion filed prior to plea of privilege or any other plea, pleading or motion . . . . *Every appearance, prior to judgment, not in compliance with this rule is a general appearance.*" (Emphasis supplied.)

The motion for attorney fees was unsworn, was not made in compliance with Texas Rule 120a quoted above, and irrespective of Mrs. Johnson's intentions, constituted a general appearance. See *Toler v. Travis County Child Welfare Unit,* 520 S.W.2d 834, 836 (Tex. Civ. App. 1975). Thus, when the Texas court heard the matter on June 4, 1973, and granted relief, it had personal jurisdiction over the parties. Later, in June and July, 1973, Mrs. Johnson filed motions for a new trial or in the alternative to set aside the judgment. On July 19, 1973, the trial judge set aside his order of June 4 relating to division of property, child custody, child support, and visitation, and ordered that a further hearing be held on August 13 on those issues. The parties failed to appear as directed and no hearing was held. Finally, on October 25, no action having been taken on the motions for new trial or to set aside the judgment, the judge overruled and dismissed the motions for new trial and reaffirmed "the judgment heretofore entered."

The *judgment* was entered on June 4; the order of July 19 set that judgment aside, or partially set it aside, and ordered a further hearing on August 13—a date already past at the time of

the October order. The only *judgment* which could then be reaffirmed was the judgment entered on June 4, 1973. We agree with the trial court that the Texas court intended to and did reinstate its judgment of June 4, 1973. This disposed of all the matters at issue in the Kansas proceeding.

A judgment of divorce, including ancillary relief, rendered in conformity with the laws of one of our sister states, is entitled to full faith and credit in this state where the court granting the judgment had personal jurisdiction over the parties and subject matter of the action. Such is the situation now before us, as disclosed by this record. We agree with the well-reasoned opinion of the trial judge which held that Mrs. Johnson did not meet the conditions of the exception stated in K.S.A. 60-1611. She personally appeared in and defended the Texas action; she sought and was granted affirmative relief therein; and the Texas court had personal jurisdiction over her at the time it entered its judgment and decree.

The Texas judgment is entitled to full faith and credit in this state. The Kansas judgment, entered thereafter, should be set aside.

The judgment of the Court of Appeals is reversed, and the judgment of the Wyandotte District Court is affirmed.