300 P.3d 560

**Salvatore BALESTRIERI, Plaintiff/Appellant,**

**v.**

**David A. BALESTRIERI, Defendant/Appellee.**

**No. 1 CA–CV 12–0089.**

Court of Appeals of Arizona, Division 1, Department C.

May 9, 2013.

As Modified July 16, 2013.

Baroumes & Bruen PLC By Charles J. Bruen III, Derek M. Baroumes, Sun City, Attorneys for Plaintiff/Appellant.

Law Office of Stephen D. Smith, L.L.C., By Stephen D. Smith, Phoenix, Attorneys for Defendant/Appellant.

## OPINION

JOHNSEN, Chief Judge.

¶ 1 We hold in this appeal that a defendant who files a motion to dismiss pursuant to Arizona Rule of Civil Procedure ("Rule") 12(b) in lieu of an answer forfeits his claim for attorney's fees if he does not ask for fees at the time he moves to dismiss. The defendant here did not request fees until after the superior court granted his motion to dismiss. We vacate the award of fees because the defendant's request was untimely.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Salvatore Balestrieri sued his son, David A. Balestrieri, alleging breach of contract. David moved to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction. David's motion did not include a request for attorney's fees. After the superior court granted the motion to dismiss, David filed a motion for attorney's fees, which the superior court granted. We have jurisdiction over Salvatore's timely appeal from the order granting fees pursuant to Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1) (West 2013) and –2101(A)(1) (West 2013).[1]

## DISCUSSION

¶ 3 Salvatore first argues the superior court erred by granting attorney's fees to David because David did not ask for fees in a pleading pursuant to Rule 54(g)(1). We review the superior court's interpretation of court rules *de novo*. *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 99, ¶ 9, 158 P.3d 225, 228 (App.2007). We construe rules in a manner that will apply all their provisions meaningfully and not render any of them superfluous. *Devenir Assocs. v. City of Phoenix*, 169 Ariz. 500, 503, 821 P.2d 161, 164 (1991).

¶ 4 Rule 54(g)(1) states that a request for attorney's fees "shall be made in the plead-

1. Absent material revision after the relevant date,     we cite a statute's current version.

ings." Under Rule 7(a), a "pleading" means only a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint and an answer to a third-party complaint. Because David successfully moved to dismiss the complaint before filing an answer pursuant to Rule 12(b)(2), he made no filing that Rule 7(a) denominates as a "pleading." Citing *King v. Titsworth*, 221 Ariz. 597, 599, ¶ 11, 212 P.3d 935, 937 (App.2009), Salvatore contends that because David filed no pleading, he was not eligible for a fees award pursuant to Rule 54(g)(1).

¶ 5 The defendant in *King* did not ask for fees in his answer; he waited until after trial to file a motion requesting fees. *Id.* at ¶ 12. In holding the fees request was untimely, we reasoned that our "Supreme Court's use of the words 'shall be made in the pleadings' in Rule 54(g)(1) indicates its intent for the trial court to award fees under Rule 54(g)(2) *only if* the fees were previously claimed in one of the pleadings listed in Rule 7(a)." *Id.* at ¶ 11.

¶ 6 Salvatore argues that we should strictly interpret Rule 54(g)(1) to forbid a fees request made in connection with a motion rather than a pleading. He cites our comment in *King* that "[o]ur law is clear that '[a] motion is *not* a pleading within the meaning of [Rule 7(a)].'" *Id.* at ¶ 10 (quoting 2 Daniel J. McAuliffe & Shirley J. Wahl, *Arizona Practice Series, Civil Trial Practice* § 3.5 (2d ed. Supp.2008)). But the defendant in *King* first requested fees by way of a motion filed *after trial.* Certainly Rule 54(g)(1) forbids a request first made in a post-trial motion. But for purposes of Rule 54(g)(1), a motion made after trial is a far cry from a Rule 12(b) motion filed in lieu of an answer. Moreover, there is little sense in construing Rule 54(g)(1) to bar an otherwise valid fees request simply because the defendant prevailed sooner (by responding to the complaint with a Rule 12(b) motion) rather than later (by filing an answer, then moving to dismiss or otherwise litigating the case to a conclusion).

¶ 7 "When construing a rule, we may look at a variety of elements, including the rule's context, the language used, the subject matter, the historical background, the effects and consequences, and its spirit and purpose." *State ex rel. Romley v. Superior Court (Stewart)*, 168 Ariz. 167, 169, 812 P.2d 985, 987 (1991). In *King* we observed that "one of the purposes of fee-shifting statutes is to 'promote settlement of disagreements out of court' and that '[u]nless each party is on notice *before* each stage of the law suit that its opponent intends to ask for attorney[s'] fees, [that] purpose cannot be served.'" 221 Ariz. at 600, ¶ 14, 212 P.3d at 938 (alterations in original) (quoting *Wagenseller v. Scottsdale Mem'l Hosp.*, 147 Ariz. 370, 391, 710 P.2d 1025, 1046 (1985), *superseded by statute on other grounds,* Employment Protection Act, 1996 Ariz. Legis. Serv. Ch. 140 (West)); *accord Robert E. Mann Constr. Co. v. Liebert Corp.*, 204 Ariz. 129, 133, ¶ 10, 60 P.3d 708, 712 (App.2003) ("It is fair to require parties to request fees earlier in the litigation process so that both sides may accurately assess the risks and benefits of litigating versus settling.").

¶ 8 Consistent with the purpose of promoting settlement of disputes, we interpret Rule 54(g)(1) to allow the court to grant a fees request made in a Rule 12(b) motion filed in lieu of a responsive pleading. Such a motion effectively takes the place of an answer for as long as it remains pending; indeed, if the defendant's motion is successful, as here, he or she never will file a pleading listed in Rule 7(a). And, like a fees request stated in a pleading, a fees request stated in a Rule 12(b) motion filed in lieu of an answer puts the opposing party on immediate notice that he or she risks a fees award if the case is not settled before the court decides the motion.

¶ 9 Salvatore further argues that Rule 54(g)(2) allows the superior court to grant fees only after it has decided the merits of a litigation. *See* Rule 54(g)(2) ("When attorneys' fees are claimed, the determination as to the claimed attorneys' fees shall be made after a decision on the merits of the cause."). But the reference in Rule 54(g)(2) to "after a decision on the merits of a cause" does not literally mean "that the substantive merits of the underlying claim must first be finally adjudicated before any fees may be award-

ed." *Britt v. Steffen,* 220 Ariz. 265, 267, ¶ 10, 205 P.3d 357, 359 (App.2008).

¶ 10 In *Britt,* we pointed out that the statute allowing attorney's fees to the successful party in a contract case, A.R.S. § 12–341.01(A) (West 2013), permits the court to grant fees to the defendant when a complaint is dismissed without prejudice, "even though such a dismissal does not operate as an adjudication upon the merits." *Id.* at ¶ 9. At issue in *Britt* was a dismissal of a complaint for lack of prosecution; we held that Rule 54(g)(2) allowed fees because the dismissal terminated the action. *Id.* at 268, ¶ 11, 205 P.3d at 360; *see also Tash v. Saunders,* 153 Ariz. 322, 325, 736 P.2d 805, 808 (App.1987) (dismissal for lack of personal jurisdiction may not be re-litigated in subsequent action). By the same token, we conclude Rule 54(g)(2) does not preclude a fees award to a defendant who files a successful motion to dismiss for lack of personal jurisdiction.

¶ 11 In this case, however, David did not make his fees request in his Rule 12(b) motion; he waited until after briefing was complete and the court had ruled on that motion before he asked the court to award him fees. Although we have rejected Salvatore's argument that Rule 54(g)(1) bars a fees request by a defendant who files a successful Rule 12(b) motion in lieu of an answer, neither can we accept David's argument that such a defendant may wait to ask for fees until after the court rules on the motion. The purpose of promoting early settlement is not served by allowing fees to a defendant who moves to dismiss pursuant to Rule 12(b) in lieu of filing an answer, but who neglects to ask for fees at the time he files his motion to dismiss. For this reason, we hold that such a defendant forfeits his claim for fees by waiting to ask for fees until after the superior court grants his motion to dismiss.

¶ 12 David suggests he would have waived his objection to personal jurisdiction by filing a request for fees with his motion to dismiss. In *Aries v. Palmer Johnson, Inc.,* 153 Ariz. 250, 255, 735 P.2d 1373, 1378 (App.1987), however, we held a defendant does not submit himself to the jurisdiction of the court by filing a compulsory counterclaim. Likewise,

in *Kadota v. Hosogai,* 125 Ariz. 131, 608 P.2d 68 (App.1980), we rejected an argument that a defendant waived personal jurisdiction by seeking appointment of a guardian ad litem to defend a lawsuit. The defendant's "request was in no way a recognition of the propriety of the court's jurisdiction over the appellant, but rather was part and parcel of the challenge to the court's jurisdiction." *Id.* at 139–40, 608 P.2d at 76–77; *accord Taylor v. Fireman's Fund Ins. Co. of Can.,* 161 Ariz. 432, 437, 778 P.2d 1328, 1333 (App.1989) (defendant did not waive personal jurisdiction by asserting a forum-selection clause in its motion to dismiss for lack of jurisdiction).

¶ 13 Although we find no authority in Arizona directly addressing the issue, other courts have held that a defendant does not waive a challenge to personal jurisdiction by filing a request for attorney's fees with a motion to dismiss for lack of personal jurisdiction. In *Grange Insurance Association v. State,* 110 Wash.2d 752, 757 P.2d 933, 940–41 (1988), the Washington supreme court distinguished such a request from a request for "affirmative relief," which might constitute a waiver. Because in this context the defendant "would have no right to attorney fees if the plaintiff had not brought his claim," the court held the defendant did not waive its jurisdictional challenge by making the request for fees in its motion to dismiss. *Id.; accord Meyer v. Hatto,* 198 P.3d 552, 558, ¶ 23 (Wyo.2008) ("Holding otherwise would allow one contracting party to force the other party to subject itself to a foreign jurisdiction or forgo its contractual right to attorneys' fees."); *see also Heineken v. Heineken,* 683 So.2d 194, 197–98 (Fla.App.1996). *Contra In re Marriage of Adler,* 271 Ill.App.3d 469, 208 Ill.Dec. 31, 648 N.E.2d 953, 956 (1995) (challenge to personal jurisdiction waived by motion for disbursement of escrow funds and attorney's fees); *Johnson v. Johnson,* 233 Kan. 198, 662 P.2d 1178, 1182 (1983) (pursuant to court rule by which any appearance other than a special appearance to object to jurisdiction constitutes "general appearance," jurisdiction was waived when defendant filed motion for fees after filing answer objecting to jurisdiction); *Assoc. Disc. Corp. v. Haviland,* 218 So.2d 59, 61–62 (La.App.1969) (re-

quest for attorney's fees is general appearance because it affirmatively invokes court's jurisdiction).

¶ 14 The cases holding that a party does not waive jurisdiction by filing a request for fees along with a successful Rule 12(b) motion are consistent with our decisions analyzing the claimed waivers in *Aries, Kadota* and *Taylor*. In those cases we decided the defendant did not submit to the jurisdiction of the court by making filings that were not inconsistent with the defendants' respective objections to personal jurisdiction. For the same reason, a defendant who moves to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) does not waive that objection by asking at the same time for fees incurred in making the motion.

## CONCLUSION

¶ 15 For the foregoing reasons, we vacate the superior court's award of attorney's fees to David.

CONCURRING: SAMUEL A. THUMMA, Presiding Judge, and MICHAEL J. BROWN, Judge.