NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

HONEYWELL INTERNATIONAL, INC., by its division ADI,
*Plaintiff/Appellant/Cross-Appellee,*

*v.*

JARED KILGORE,
*Defendant/Appellee/Cross-Appellant.*

No. 1 CA-CV 13-0759

FILED 3-10-2015

Appeal from the Superior Court in Maricopa County
No.  CV2012-000167
The Honorable Lisa Daniel Flores, Judge

**AFFIRMED**

COUNSEL

Hammerman & Hultgren, PC, Phoenix
By Stanley M. Hammerman, Allan R. Draper
*Counsel for Plaintiff/Appellant/Cross-Appellee*

Wilenchik & Bartness, PC, Phoenix
By Dennis I. Wilenchik, Tyler Q. Swenson, Brian J. Hembd
*Counsel for Defendant/Appellee/Cross-Appellant*

---

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**O R O Z C O**, Judge:

**¶1**         Honeywell International Inc. appeals from the trial court's decision dismissing its action to domesticate a New York default judgment and vacating that judgment against Jared Kilgore[1] on the grounds that New York lacked personal jurisdiction over Kilgore.  Kilgore cross-appeals the court's denial of his request for attorney fees as untimely.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**         In December 2010, Honeywell obtained a default judgment for more than $830,000 against Kilgore, American Alarm Company, Inc., and Danielle Paletz in the Supreme Court of the State of New York, County of Suffolk.  As to Kilgore, the default judgment was based on Honeywell's claim that Kilgore signed a guarantee to pay Honeywell by American Alarm Company.  In January 2012, Honeywell filed a copy of the judgment in Maricopa County Superior Court, along with an Affidavit Substantiating a Foreign Judgment.

**¶3**         Kilgore filed a Notice of Limited Appearance and Motion to Vacate Default Judgment and Motion to Dismiss.  Kilgore argued the judgment was void based on lack of due process because he was never properly served and never had actual notice of the New York action and disputed Honeywell's allegations of its attempts at service.  Kilgore denied having signed the guarantee that was the basis of the judgment and argued that, New York never had personal jurisdiction over him.

**¶4**         Honeywell disputed Kilgore's claim that he did not sign the guarantee and argued that New York had personal jurisdiction based on a provision in the guarantee declaring that New York would have jurisdiction to adjudicate any disputes arising out of the guarantee. Honeywell further argued that Kilgore was properly served in Maricopa

---

[1]         Kilgore legally changed his name to Babe Kilgore in 2008.

County, Arizona with the summons and verified complaint in the New York action under New York law by "nail and mail" service effectuated by the end of August 2010.

**¶5** Without objection, the court held an evidentiary hearing to address the alleged forgery of Kilgore's signature on the guarantee and the "nail and mail" service. At the hearing, Kilgore testified that Danielle Paletz owned two separate companies, American Alarm Company, Inc., and American Alarm Partners of Arizona, Inc. He acknowledged doing consulting work for American Alarm Partners, but testified that he had never worked for American Alarm Company and that he had never been an officer, director, or owner of either company. Kilgore denied signing the guarantee, alleging that the handwriting on the document was that of Plaetz's colleague and then-fiancé, whom Kilgore knew to have forged other documents. He also noted that the guarantee did not identify any particular account number. For the New York action, Kilgore denied receiving personal service, service by mail, or service by attachment of the complaint to his residence. He argued that he would have been home and his wife was also at home when service was allegedly attempted and, accordingly, could not explain not having received the documents if service was in fact attempted as indicated on an affidavit of service.

**¶6** Joshua Foster, an attorney for Honeywell, testified that he was unaware that American Alarm Company and American Alarm Partners were two separate companies. He also acknowledged that no account number was listed on the guarantee where it should have been and could not state from personal knowledge that the guarantee was affiliated with any particular account.

**¶7** Based on the evidence and argument provided, the court found that Honeywell failed to prove that the guarantee was related to American Alarm Company, whose debt was the subject of the lawsuit. Because personal jurisdiction over Kilgore was based entirely on provisions in the guarantee and the guarantee was not found to be related to the debt, the court found that New York never acquired personal jurisdiction over Kilgore. The court vacated the default judgment as void.

**¶8** Kilgore then filed an application for an award of his costs and attorney fees. The court awarded costs to Kilgore as the prevailing party, but denied the request for fees as untimely, noting Kilgore failed to request fees in his motion challenging jurisdiction.

**¶9** Honeywell timely appealed the vacating of the New York judgment and Kilgore timely cross-appealed the court's denial of his request for attorney fees. This court has jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) section 12-2101.A.1. (West 2015).[2]

## DISCUSSION

I.     Honeywell's Appeal

**¶10** "The Full Faith and Credit Clause of [Article 2, Section 1] the United States Constitution requires that a judgment rendered in a state court be accorded the same validity and effect in every other court in the United States as it has in the state rendering it." *Springfield Credit Union v. Johnson*, 123 Ariz. 319, 322-23 (1979). An authenticated foreign judgment is prima facie evidence of the rendering court's jurisdiction to enter it. *Id.* at 323. Such a judgment filed in Arizona is treated in the same manner, "has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a superior court of this state[.]" A.R.S. § 12-1702 (West 2015).

**¶11** A foreign judgment may be attacked on grounds of lack of personal or subject matter jurisdiction, lack of due process, incompetency of the foreign court, extrinsic fraud, and the invalidity or unenforceability of the judgment. *Bebeau v. Berger*, 22 Ariz. App. 522, 523 (App. 1974); *Coffee v. Nat'l Equip. Rental, Ltd.*, 9 Ariz. App. 249, 251 (App. 1969). The party attacking the judgment has the burden of proving that the judgment is not entitled to full faith and credit. *Cristall v. Cristall*, 225 Ariz. 591, 594, ¶ 16 (App. 2010).

**¶12** Whether a foreign judgment is entitled to full faith and credit is a question of law we review de novo. *Grynberg v. Shaffer*, 216 Ariz. 256, 257, ¶ 5 (App. 2007). We are bound by the trial court's findings of fact unless clearly erroneous. *Sabino Town & Cnty Estates Ass'n v. Carr*, 186 Ariz. 146, 149 (App. 1996). We view the evidence and reasonable inferences from that evidence in the light most favorable to the prevailing party. *Inch v. McPherson*, 176 Ariz. 132, 136 (App. 1993). We do not reweigh conflicting evidence and defer to the trial court's determination of witness credibility.

---

[2]     We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

*In re Estate of Pouser*, 193 Ariz. 574, 579, ¶ 13 (1999); *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347-48, ¶ 13 (App. 1998).

**¶13** Honeywell argues that Kilgore's testimony was self-serving and not credible and that the evidence presented did not support the court's finding that Kilgore did not sign the guarantee. However, the court did not make such a finding. The court instead found that Honeywell failed to show that the guarantee was "related to American Alarm Company, Inc., the entity that apparently incurred the debt to" Honeywell. Because the provisions in the guarantee governing jurisdiction and choice of law were the only basis on which Honeywell claimed New York had jurisdiction over Kilgore, the court found that New York lacked personal jurisdiction. The court did not resolve Kilgore's claims that he did not sign the guarantee and did not receive service.

**¶14** The record supports the court's findings. As noted in the testimony of both Kilgore and Foster, the guarantee includes a blank for the applicable account number, but no account number appears in the document, and the guarantee does not otherwise identify the entity for whose debt the guarantee was given. When asked whether he had personal knowledge that the guarantee was associated with any particular account, Foster testified that he had personal knowledge that Honeywell had sought guarantees from three individuals to continue credit for the American Alarm Company account. He could not, however, connect the guarantee document to American Alarm Company.

**¶15** Honeywell has not challenged on appeal the court's finding that Honeywell failed to prove that the guarantee was connected to the debt or the court's legal reasoning that the failure to show such a connection meant that the New York court lacked personal jurisdiction over Kilgore.[3] Consequently, we affirm the trial court's decision finding that New York lacked personal jurisdiction over Kilgore.

**¶16** Honeywell argues that the trial court lacked the authority to vacate the underlying New York judgment except for its application in

---

[3] In its reply brief, Honeywell asserts for the first time that the court had not ruled on whether Kilgore had signed the guarantee but decided New York lacked jurisdiction because the guarantee was not shown to be related to the debt. Honeywell argues that the court's actions and decision constituted an unpermitted retrial of the merits of the case. Arguments first raised in a reply brief are waived. *In re the Marriage of Pownall*, 197 Ariz. 577, 583 n.5 (App. 2000). We therefore do not consider it.

Arizona. Honeywell cites three cases in support: *Phares v. Nutter*, 125 Ariz. 291 (1980); *Springfield Credit Union*, 123 Ariz. at 319; *Stephens v. Thomasson*, 63 Ariz. 187 (1945). None of these cases is on point. Each recognizes that a foreign judgment may be attacked and vacated for lack of personal jurisdiction, but does not distinguish between the judgment's being vacated in the originating state versus the judgment's being vacated only in Arizona. *Phares*, 125 Ariz. at 293-94; *Springfield Credit Union*, 123 Ariz. at 323; *Stephens*, 63 Ariz. at 194. The Uniform Enforcement of Foreign Judgments Act, which both Arizona and New York have adopted, provides that a filed foreign judgment is subject to the same procedures, defenses and proceedings for vacating as a judgment of the court in which it is filed. A.R.S. § 12-1702; N.Y.C.P.L.R. § 5402 (McKinney 2015). Thus, New York has recognized that judgments by its courts are subject to certain procedures (including being vacated) in other states, including Arizona. This statutory directive is consistent with the common law concept that a foreign judgment entered by a court lacking personal jurisdiction is not entitled to full faith and credit because it is void. Restatement (Second) of Conflict of Laws § 104 cmt. a (1971). We are not persuaded that that the court erred in vacating the judgment.

## II. Kilgore's Cross-Appeal

**¶17** Kilgore cross-appeals from the trial court's denial of his request for attorney fees as untimely under Arizona Rules of Civil Procedure 54(g)(1). Kilgore first requested an award of attorney fees after the trial court granted his motions and vacated the New York judgment. Honeywell argued the request was untimely and, concluding *Balestrieri v. Balestrieri*, 232 Ariz. 25 (App. 2013) applied, the trial court denied the request.

**¶18** Kilgore correctly argues that Rule 54(g)(1) requires claims for attorney fees be made in the pleadings and that his motions were not pleadings. *See* Ariz. R. Civ. P. 7(a). In *Balestrieri*, this court noted that a purpose of fee-shifting statutes was to promote settlement by putting opposing parties on notice that fees would be requested so the parties could accurately assess the risks and benefits associated with litigating or settling. 232 Ariz. at 27, ¶ 7. *Balestrieri* held that a party filing a Rule 12(b) motion to dismiss "forfeits his claim for [attorney] fees if he does not ask for fees at the time he moves to dismiss." *Id.* at 26, ¶ 1.

**¶19** Kilgore argues he was not required to file any pleadings, his motion was different than the motion to dismiss in *Balestrieri*, and that therefore the court erred in denying his request for fees. Kilgore's motion,

however, was filed pursuant to Rule 12(b) (as well as Rule 60(c) and New York law) and, accordingly, falls within the holding of *Balestrieri*.[4] Because Kilgore did not present his request for fees until after the court had ruled, the superior court did not err in finding the request was untimely.

---

[4] Although noting *King v. Titsworth*, 221 Ariz. 597 (App. 2009), Kilgore claims *King* is "inapplicable" as it addressed a party's request for fees made for the first time after the close of pleadings and after the completion of trial and a ruling on the merits. *Id.* at 598. Kilgore also argues that he did provide early notice because he anticipates further proceedings in New York. We reject this argument. Kilgore's claim was for fees incurred in this Arizona proceeding and the request was made after the outcome of the proceeding had been determined.

III.     Attorney Fees And Costs

**¶20**        Honeywell requests an award of attorney fees on appeal, but cites no substantive authority for such an award.  We therefore deny the request.  *See Haynes v. Syntek Fin. Corp.*, 184 Ariz. 332, 341 (1995).  Kilgore seeks an award of attorney fees on appeal pursuant to A.R.S. § 12-341.01.A.  Under A.R.S. § 12-341.01.A., this court has discretion to determine the successful party.  *Fulton Homes Corp. v. BBP Concrete*, 214 Ariz. 566, 569, ¶ 9 (App. 2007).  Because both parties prevailed in part, we find that neither was successful for purposes of a fee award, and deny the requests.  For these same reasons, we decline to award costs to either party.

**CONCLUSION**

**¶21**        We affirm the judgment of the trial court.



Ruth A. Willingham · Clerk of the Court
FILED: ama