NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DRH ENTERPRISES LLC, *Plaintiff/Appellant*,

*v.*

NOLAN RYAN, *Defendant/Appellee*.

No. 1 CA-CV 19-0610
FILED 11-24-2020

Appeal from the Superior Court in Maricopa County
No. CV2019-000127
The Honorable Pamela S. Gates, Judge

**VACATED AND REMANDED**

COUNSEL

Cohen Dowd Quigley P.C., Phoenix
By Daniel P. Quigley, Gabriel R. Aragon, Jenna L. Brownlee
*Counsel for Plaintiff/Appellant*

May, Potenza, Baran & Gillespie, P.C., Phoenix
By Jesse R. Callahan, Julia M. Kolsrud, Andrew S. Lishko
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Michael J. Brown joined.

---

**G A S S**, Judge:

¶1 DRH Enterprises LLC appeals a superior court order granting attorney fees and costs to Nolan Ryan. Because Ryan did not make a proper request for his fees, he did not preserve the claim. Accordingly, we vacate the superior court's award regarding fees and remand to the superior court to enter appropriate orders.

## FACTUAL AND PROCEDURAL HISTORY

¶2 On January 10, 2019, DRH simultaneously filed a complaint and an application for a temporary restraining order (TRO) to prevent Ryan from making DRH a party to pending arbitration proceedings. On January 22, Ryan moved to re-assign the case to the judge who presided over previous litigation between DRH and Ryan. On the same day, Ryan filed an opposition to DRH's application. Ryan did not request his fees in these two filings. He also never filed an answer or a motion under Rule 12, Arizona Rules of Civil Procedure.

¶3 Ryan first requested attorney fees and costs in his February 6 pre-hearing memorandum. The superior court held an evidentiary hearing on DRH's TRO application on February 13. On February 21, the superior court denied DRH's application.

¶4 On March 27, DRH filed a notice of voluntary dismissal. On April 9, the superior court filed a signed minute entry dismissing the case. Twenty days later, Ryan filed his application for attorney fees and statement of costs. The superior court found the requests for fees and costs appropriate and timely under Arizona Rules of Civil Procedure 54(f) and 54(g)(3)(B), and A.R.S. § 12-341.01. Accordingly, the superior court awarded Ryan $47,300.00 in attorney fees and $2,215.85 in taxable costs.

¶5 DRH timely appealed the award of fees. This court has jurisdiction with respect to the superior court's award of fees, under Article 6, Section 9, of the Arizona Constitution, and A.R.S. § 12-2101.A.1.

2

**ANALYSIS**

**¶6**       Arizona allows the superior court to award attorney fees to a successful party in an action arising out of a contract. A.R.S. § 12-341.01.A. But a party must request fees "in the pleadings or in a Rule 12 motion filed before the movant's responsive pleading." Ariz. R. Civ. P. 54(g)(1).

**¶7**       DRH argues Rule 54(g)(1) precludes the superior court from awarding Ryan his attorney fees because he did not request them in a pleading or a Rule 12 motion. Ryan counters he did not need to request his fees in a pleading or Rule 12 motion because he was not required to file either document in response to the TRO application. Accordingly, he argues, he validly requested his attorney fees in his pre-hearing memorandum.

**¶8**       This court reviews an award of attorney fees for abuse of discretion but interprets statutes and court rules *de novo* as issues of law. *King v. Titsworth*, 221 Ariz. 597, 598, ¶ 8 (App. 2009). The same canons of statutory construction apply when interpreting a court rule as when interpreting a statute. *See City of Phoenix v. Johnson*, 220 Ariz. 189, 191, ¶ 9 (App. 2009). When interpreting a court rule, this court's primary objective is to discern and give effect to the supreme court's intent in promulgating the rule, which is most reliably shown by the rule's language. *See King*, 221 Ariz. at 599, ¶ 11. "In construing a rule, we apply the usual, ordinary meaning of its words unless doing so creates an absurd result." *Sholem v. Gass*, 248 Ariz. 281, 285, ¶ 9 (2020) (quotation omitted).

**¶9**       This court has once before held a defendant may recover attorney fees under Rule 54(g)(1) when not in compliance with its strict language. *See Balestrieri v. Balestrieri*, 232 Ariz. 25, 27, ¶ 8 (App. 2013). When *Balestrieri* was decided, Rule 54(g) required a party to include a request for fees in the pleadings but was silent as to Rule 12 motions. *Id.* at 26–27, ¶ 4. In *Balestrieri*, the defendant filed a Rule 12 motion, seeking to dismiss an adverse breach of contract claim for lack of personal jurisdiction. *Id.* at 26, ¶ 2. The superior court granted the defendant's motion, after which he filed a request for fees. *Id.* The *Balestrieri* panel recognized a Rule 12 motion may effectively take the place of a pleading, and it would make "little sense" to bar a litigant from recovering fees simply because they prevailed at an earlier stage of the litigation. *Id.* at 27, ¶ 6. "Consistent with the purpose of promoting settlement of disputes," the *Balestrieri* panel held a Rule 12 motion could validly contain a party's request for fees because it "puts the opposing party on *immediate* notice that he or she risks a fees award if the

case is not settled before the court decides the motion." *Id.* at ¶ 8 (emphasis added).

**¶10**        *Balestrieri*'s deviation from Rule 54(g)'s plain language, however, is unique in the context of this court's other cases. *See, e.g., King*, 221 Ariz. at 598, ¶ 7; *In re Restated Tr. of Crystal H. West*, 249 Ariz. 355, 358, ¶ 8 (App. 2020). In *Balestrieri*, the Rule 12 motion was dispositive and eliminated the need to file an answer. *See* 232 Ariz. at 27, ¶ 4. Ryan's opposition here is not analogous—his success in opposing the TRO was not dispositive. The action continued until DRH voluntarily dismissed it. In short, the opposition here did not stand in place of an answer the way the Rule 12 motion did in *Balestrieri*. *See id.*

**¶11**        In *Crystal H.*, the plaintiffs made their first attorney fees request after prevailing at trial. 249 Ariz. at 357, ¶¶ 4–5. That panel noted *Balestrieri* declined to follow Rule 54(g)(1)'s plain language only to avoid the absurdity of denying the prevailing party "*any* opportunity to claim attorney fees." *Id.* at 360, ¶ 18 (emphasis added). Because the *Crystal H.* plaintiffs could have requested fees in their petition, strict application of the rule did not prevent them from making a timely request. *Id.*

**¶12**        Here, as in *Crystal H.*, we apply Rule 54(g)(1)'s plain language. *See id.* at 358, ¶ 10. Ryan first put DRH on notice he was seeking fees in his February 6 pre-hearing memorandum. He made no fee request in his prior January 22 opposition to DRH's TRO, a filing he was not required to make but did anyway. *See* Ariz. R. Civ. P. 65 (not requiring a party to file an opposition to a TRO request). Nothing before us demonstrates Ryan was prevented from filing, for example, a brief answer of general denial to preserve his right to attorney fees. Ryan argues nothing required him to file a pleading or Rule 12 motion in this case. But nothing required him to file an opposition to DRH's application either, yet he did and still failed to request his fees. We accordingly hold Ryan's non-compliance forfeits his attorney fees award.

**¶13**        Our holding comports with this court's prior application of Rule 54(g)(1)'s plain language and the policy rationales behind the rule. "Unless each party is on notice *before* each stage of the lawsuit that its opponent intends to ask for attorneys' fees," the underlying policy of promoting settlement of disputes between parties is not furthered. *See Balestrieri*, 232 Ariz. at 27, ¶ 7 (quoting *King*, 221 Ariz. at 598, ¶ 8) (emphasis original). Because Ryan did not request fees in a pleading or Rule 12 motion, as mandated by Rule 54(g)(1), his inclusion of a request for fees in his pre-hearing memorandum did not preserve his statutory right. Just as in *Crystal*

*H.*, "the circumstance here that precludes [Ryan] from receiving attorney fees was within [his] control." *See* 249 Ariz. at 360, ¶ 18.

¶14 Because we conclude Ryan's Rule 54(g) non-compliance is dispositive, we need not address the other issues DRH raised in its briefing. *See Sw. Barricades, L.L.C. v. Traffic Mgmt., Inc.*, 240 Ariz. 139, 142, ¶ 17 n.3 (App. 2016).

¶15 We will not consider an appeal of the award of costs. *See* ARCAP 13(a)(7)(A) (opening brief must contain arguments with "citations of legal authorities and appropriate references to the portions of the record on which the appellant relies"); *Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167 (App. 1996) ("Issues not *clearly* raised and argued in a party's appellate brief are waived.") (emphasis added). We do not read DRH's appeal to include the award of costs. Though DRH asks this court to "reverse the trial court's grant of the Application and award of attorneys' fees and costs," both of the items in its Opening Brief's "issues presented for review" section focus solely on the issue of fees. Indeed, the first heading under its "argument" section reads "Ryan's Application was Improper and Untimely Under Rule 54 and the Trial Court Accordingly Erred in Awarding Ryan Fees." DRH does not cite the applicable costs statute—A.R.S. § 12-341—anywhere in its brief. DRH did file a separate objection to Ryan's application of costs in the superior court, but DRH briefed none of those issues on appeal. To the extent we infer DRH seeks to appeal the superior court's award of costs to Ryan, DRH waived this issue.

## CONCLUSION

¶16 For the foregoing reasons, we vacate the superior court's order awarding Ryan his attorney fees. Our decision does not affect the superior court's award of taxable costs. We, therefore, remand to the superior court to enter orders consistent with this decision. In our discretion, we decline to award DRH its attorney fees incurred in this appeal but award DRH taxable costs upon compliance with ARCAP 21.

