NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

NO WORRIES ROOTER, LLC., et al.,
*Plaintiffs/Appellants*,

*v.*

MARLIN MECHANICAL CORPORATION, INC., et al.,
*Defendants/Appellees*.

No. 1 CA-CV 21-0029
FILED 3-15-2022

Appeal from the Superior Court in Maricopa County
No.  CV2020-002698
The Honorable Pamela S. Gates, Judge

**AFFIRMED**

COUNSEL

Wilenchik & Bartness, P.C., Phoenix
By Dennis I. Wilenchik, Ross P. Meyer
*Counsel for Plaintiffs/Appellants*

Burch & Cracchiolo, P.A., Phoenix
By Paul Kular
*Co-Counsel for Defendants/Appellees*

O'Connor & Dyet, P.C., Tempe
By Shane P. Dyet
*Co-Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Maurice Portley joined.[1]

---

**T H U M M A**, Judge:

¶1 Plaintiffs Jose and Daryl Quezada and No Worries Rooter, LLC, appeal from the grant of summary judgment for defendants Marlin Mechanical Corporation, Inc. and Mark and Terry Giebelhaus (collectively Marlin), finding plaintiffs' defamation claims were time-barred. Because plaintiffs have shown no error, summary judgment is affirmed.

**FACTS[2] AND PROCEDURAL HISTORY**

¶2 Plaintiff Jose Quezada is the managing member of No Worries Rooter, a plumbing services provider. In early 2011, Quezada responded to a house call for an allegedly faulty water heater. Quezada inspected the water heater and told the homeowner what he thought was wrong. Christopher Hansen, affiliated with "Dateline NBC," then appeared and told Quezada that the water heater was in perfect condition, except for one loosened nut. Quezada learned the entire interaction had been videotaped. Defendant Mark Giebelhaus, President of Marlin Mechanical, also was present. In May 2011, the video aired in edited form on Dateline NBC, with Giebelhaus saying that Quezada's actions were inappropriate. Plaintiffs took no legal action at that time.

---

[1] The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2] This court views the evidence and reasonable inferences in the light most favorable to plaintiffs, the parties opposing the motion for summary judgment. *Andrews v. Blake*, 205 Ariz. 236, 240 ¶ 12 (2003).

**¶3**          Plaintiffs allege that, in January 2016 -- nearly five years after the video first aired -- Marlin Mechanical "sponsored a blog post to a third party paid website" that published the video. Plaintiffs also allege that, in January 2019 -- nearly eight years after the video first aired -- Marlin Mechanical posted the video on its Facebook page.

**¶4**          In February 2020, plaintiffs filed this case alleging defamation by Marlin and others.[3] Marlin moved to dismiss, arguing plaintiffs' claims were time-barred by the one-year statute of limitations. *See* Ariz. Rev. Stat. (A.R.S.) § 12-541(A) (2022)[4] (requiring defamation claims be brought "within one year after the cause of action accrues").

**¶5**          Plaintiffs countered that the discovery rule applied, and the one-year limitations period was tolled, making their claims timely. In doing so, plaintiffs attached exhibits not included in the complaint, including a declaration from Quezada, text messages, a demand letter and correspondence with an insurer. Marlin's reply argued the discovery rule did not apply, that plaintiffs' claims were time-barred and that plaintiff's submission of exhibits not included in the complaint meant the motion should be treated as seeking summary judgment.

**¶6**          Converting Marlin's motion into a motion seeking summary judgment, the superior court granted it. Applying the "single publication rule," and concluding the discovery rule did not apply, the court found plaintiffs' claims were filed after the one-year limitations period expired and were time-barred. Plaintiffs unsuccessfully sought reconsideration. After entry of a Rule 54(b) partial final judgment, plaintiffs timely appealed. This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

---

[3] Plaintiffs claim that, by April 2019, others posted the video on YouTube and other websites. Plaintiffs' claims against the other defendants are not part of this appeal.

[4] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

## DISCUSSION

### I. The Superior Court Properly Treated the Motion as One for Summary Judgment.

**¶7**         "If, on a motion under Rule 12(b)(6) or (c), matters outside the pleadings are presented to, and not excluded by, the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Ariz. R. Civ. P. 12(d). Plaintiffs argue the court erred in treating Marlin's motion as one for summary judgment because plaintiffs (not Marlin) presented matters outside of the pleadings. But treating such a motion as one for summary judgment does not turn on whether the party filing, or opposing, the motion presents matters outside the pleadings that are not excluded by the court. Ariz. R. Civ. P. 12(d).

**¶8**         Plaintiffs rely on *Balestrieri v. Balestrieri*, 232 Ariz. 25 (App. 2013). That case, however, held that a party filing a Rule 12(b) motion to dismiss "in lieu of an answer forfeits his claim for attorney's fees if he does not ask for fees at the time he moves to dismiss." 232 Ariz. at 226 ¶ 1. *Balestrieri* did not discuss or resolve when a motion to dismiss should be treated as a motion for summary judgment under Rule 12(d). Nor have plaintiffs shown that the materials they submitted in their response fall within an exception to Rule 12(d). *See Workman v. Verde Wellness Ctr., Inc.*, 240 Ariz. 597, 601-02 ¶¶ 10, 13 (App. 2016) (noting Rule 12(d) is not implicated when either the court does not consider extraneous materials or when extraneous materials are "central to the complaint"). On this record, plaintiffs have shown no error in the superior court treating Marlin's motion as one for summary judgment. *See* Ariz. R. Civ. P. 12(b).

### II. Plaintiffs Have Not Shown that the Superior Court Erred in Finding the Discovery Rule Did Not Apply.

**¶9**         Plaintiffs' defamation claim is governed by a one-year statute of limitations. A.R.S. § 12-541(1). "An action for defamation accrues and the Statute of Limitations begins to run upon publication." *Lim v. Sup. Ct.*, 126 Ariz. 481, 482 (App. 1980) (citing cases). Under Arizona law, "the statute of limitations begins to run when the allegedly defamatory material is first made available to the public by posting it on a website;" "later circulation of the original publication does not start the statute of limitations anew, nor does it give rise to a new cause of action." *Larue v. Brown*, 235 Ariz. 440, 445 ¶ 23; 444 ¶ 19 (App 2014).

**¶10**        The original publication of the video was in May 2011, nearly a decade before plaintiffs filed this case. Even the Facebook posting in January 2019 was more than a year before plaintiffs filed this case in February 2020. Accordingly, unless the discovery rule applies, plaintiffs' defamation claims are time-barred.[5]

**¶11**        Where applicable, the discovery rule provides that a cause of action accrues when a plaintiff knows or should know of injury and the facts underlying the claim. *See Wyckoff v. Mogollon Health All.*, 232 Ariz. 588, 591 ¶ 9 (App. 2013). Plaintiffs concede that, in general, "Arizona courts have not applied the discovery rule in defamation cases." An exception is where "the defamation is published in a manner in which it is peculiarly likely to be concealed from the plaintiff, such as in a confidential memorandum or a credit report." *Clark v. Airesearch Mfg. Co. of Ariz., Inc.*, 138 Ariz. 240, 242 (App. 1983); *accord Larue*, 235 Ariz. at 444 ¶¶ 16-17. But there is no allegation that Marlin concealed the publication here, meaning that exception does not apply. Plaintiffs also rely on *Dube v. Likins*, but that case applied the discovery rule to statutory claims against public entities, which have their "own definition of accrual" that is not applicable here. 216 Ariz. 406, 416 ¶ 30 (App. 2007) (citing A.R.S. §§ 12-821, 821.01).

**¶12**        Plaintiffs urge this court to extend the discovery rule broadly to defamation cases. Plaintiffs argue accrual should occur when the defamation is discovered rather than from the first publication. In enacting a one year limitations period applicable to defamation claims, however, the Legislature has indicated that a party claiming injury by alleged defamation must act quickly or lose such a claim. Tacitly recognizing this required urgency to act, Arizona cases have refused to apply the discovery rule in defamation cases. *See Lim v. Superior Court*, 126 Ariz. 481, 483 (App. 1980); *accord Larue*, 235 Ariz. at 444 ¶ 17; *Clark*, 138 Ariz. at 242; *Boatman v. Samaritan Health Servs., Inc.*, 168 Ariz. 207, 213 (1990).

---

[5] Plaintiffs raised a republication argument in their reply brief on appeal, doing so without supporting authority, meaning it is waived. *See, e.g., Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535 ¶ 18 (App. 2007); *State v. Moody*, 208 Ariz. 424, 452 ¶ 101 n.9 (2004). Moreover, the January 2019 Facebook posting was not a "republication." *See Larue*, 235 Ariz. at 445 ¶ 25. And even if it had been a republication, absent application of the discovery rule, plaintiffs' defamation claim is time-barred.

**¶13** Arguing the internet "has completely changed" how the statute of limitations should apply, plaintiffs ask this court to apply the discovery rule to defamation claims based on electronic postings "to provide that the statute of limitations begins to run at the time damages begin." But unlike perhaps all other common law tort claims, a prima facie defamation claim does not require proof of damages. *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974) ("The common law of defamation is an oddity of tort law, for it allows recovery of purportedly compensatory damages without evidence of actual loss. Under the traditional rules pertaining to actions for libel, the existence of injury is presumed from the fact of publication."). This oddity is another reason to reject the application of the discovery rule to defamation claims.

**¶14** Although plaintiffs suggest that the internet may have changed the ability to discover a defamatory statement, the hypotheticals they raise are not the facts of this case. Plaintiffs were aware of the publication of the purportedly defamatory statements published in 2011, and then again in 2016 and then again in January 2019. Yet they did not file this case until February 2020, more than a year after January 2019. On this record, plaintiffs were aware of the publication, and who created it, more than a year before filing this case. Accordingly, plaintiffs' defamation claims are time-barred. *Larue*, 235 Ariz. at 444 ¶ 17.

## CONCLUSION

**¶15** The Rule 54(b) partial final judgment for defendants and against plaintiffs is affirmed. The court awards defendants taxable costs incurred on appeal contingent upon compliance with ARCAP 21.